EILEEN COVENEY *v.* ANTHONY NICOLETTI

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, JS.

Argued January 15—decision released March 18, 1975

*David Silverstone,* with whom, on the brief, was *Walter M. Morris,* for the appellant (defendant).

*Edward F. Reynolds, Jr.,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (plaintiff).

House, C. J. This appeal arises from a paternity proceeding instituted by the plaintiff's verified petition dated October 5, 1972. Upon the filing of the petition, the Circuit Court issued a summons ordering the defendant to appear on October 30, 1972, and show cause why the prayer of the petition should not be granted. The sheriff's return indicates that he made personal service of the summons on the defendant on October 21, 1972. On October 30, the court rendered judgment for the plaintiff reciting that the plaintiff appeared and was heard on that date, that the defendant made default of appearance, that the issues were found for the plaintiff, and that the defendant was found guilty. The judgment included an order that the defendant pay certain expenses incurred by the plaintiff and support until the child reaches the age of eighteen. The hearing was conducted pursuant to the provision of § 52-435a of the General Statutes that if a putative father fails to appear in court at the time and place prescribed in the court's summons "the court may hear the petitioner and enter such judgment and order as the facts may warrant."

Unlike the situation on the usual appeal where a brief recital of facts sufficiently indicates the basis of the appeal, in the present case the procedural problems involved require a rather lengthy recital of the pleadings and procedures leading up to our consideration of the appeal. On November 9, 1972, the defendant filed a motion to "reopen" the judgment. The motion recited that the defendant had received the summons and on October 26, 1972, consulted Danbury Legal Services who informed him that he should deliver the petition and summons to them and that they would appear on the assigned

date in his stead.[1] It further represented that he did not realize the necessity of prompt action and mailed in the petition and summons which resulted in a two-day delay as a result of which his attorney did not appear at the assigned hearing and the default judgment ensued. The motion further recited that the defendant believed that he had a valid defense in that he had not associated with the plaintiff for a period of more than one month prior to the alleged date of conception. At the same time, the defendant filed an affidavit to the same effect. After a hearing, the motion to open the judgment was denied on December 14, 1972. On December 27, 1972, the defendant appealed "to the appellate division of the circuit court"[2] from the denial of his motion to open the default judgment, stating that he wished to have reviewed "the court's conclusions upon the facts and the court's conclusions of law."

The defendant submitted to the trial court a request for a finding and a draft finding. The draft finding contained six paragraphs of facts which the

---

[1] Since there is no cause to make further reference to the court's summons served on the defendant to appear in court at a time certain, we deem it pertinent to comment at this point that our failure to discuss the subject further should in no way be interpreted as approval of the appearance of an attorney in lieu of the appearance of a person summoned to appear personally before a court.

[2] It is noted that pursuant to the provisions of § 7 of the 1971 Public Acts, No. 870, effective September 1, 1971 (now General Statutes § 51-265), appeals from the Circuit Court were no longer to be taken to an appellate session of the Circuit Court but to an appellate session of the Court of Common Pleas. Since the fact that the appeal was taken to the wrong appellate court appears not to have been raised in the proceedings below, and that the appeal was in fact heard and determined by an appellate session of the Court of Common Pleas, we have decided to consider the appeal as if it were taken to the proper court.

defendant requested the court to find. In substance, they were the same as the representations made in his motion to open the judgment, which motion the court had denied. The draft finding also contained three conclusions of law which the defendant requested the court to reach and three claims of law which the defendant asserted he had made. The court made a finding of facts which recited that the defendant was summoned in response to the paternity proceeding petition, that the defendant failed to appear, that the court heard the petition and rendered judgment and an order as the facts warranted under § 52-435a of the General Statutes, and that the defendant within nine days moved to have the judgment "reopened," set aside and vacated. It did not find that the defendant had proved the facts recited in his draft finding with respect to his claimed reasons for not complying with the court's summons to appear at the hearing on the plaintiff's paternity complaint. On the basis of the facts it found proved, the court reached but one conclusion: "The defendant offered no evidence that he was prevented by mistake, accident or other reasonable cause from appearing and making a defense."

The next move of the defendant was to file a motion to correct the finding by adding to it the three paragraphs of the defendant's draft finding concerning the claims of law he asserted he had made and to add as a conclusion of the court that the "[d]efendant showed reasonable cause why the judgment should be reopened, set aside or vacated." This motion to correct was denied by the court, and the defendant thereupon filed his assignment of errors. The assignment of errors was in two parts. Part A, captioned "Errors in Denying Motion to

Correct Findings," consisted of four paragraphs claiming error in the denial of the motion to correct the finding by failing to add as admitted or undisputed facts the conclusion of law and three claims of law which he had submitted in his draft finding. Part B of the assignment of errors, captioned "Errors in Rulings Made During Course of Argument," asserted that the court committed error: (1) in ruling that relief under the provisions of § 286 of the Practice Book and § 52-212 of the General Statutes which specify the circumstances under which a judgment may be opened "is unavailable in any instance without a showing that defendant was prevented from appearing to make his defense by mistake, accident or other reasonable cause"; (2) in ruling that these Practice Book and statutory provisions must be narrowly and strictly construed; and (3) in ruling that the court is limited in its power over judgments to those provisions of the Practice Book and statutes.

The defendant's motion to correct the court's finding disclosed in the record for the first time the reason for the lack of any reference to a transcript of the relevant evidence. It appears that the hearing on the motion to open the judgment was conducted in chambers with no stenographer present and, accordingly, there is no stenographic record of what transpired at that hearing or what evidence, if any, was offered in support of or opposition to the defendant's motion to open the judgment.

In these circumstances, certain provisions of the Practice Book governing appeals to the Appellate Division of the Court of Common Pleas are pertinent. A finding is necessary in cases tried to the court when the appellant desires to have reviewed

the court's conclusions upon the facts of the case. Practice Book § 778H. If any testimony is required for the proper presentation of the issues on an appeal, it is incumbent on the appellant to file a transcript of such testimony as is relevant to the issues on the appeal. Practice Book § 778K. Where any party contemplates the taking of an appeal, he should request of the trial judge that stenographic notes of the proceedings be made under the provisions of § 51-70a[3] of the General Statutes, and, if the party fails to do so and subsequently takes an appeal, he waives the right to assign errors where a transcript of the evidence or any portion thereof is necessary to present the matter to the appellate panel of the Court of Common Pleas. Practice Book § 778N. In cases where the court has made a finding and there is no transcript of evidence available, the parties may nevertheless move to correct the finding—but the parties may not assign error in the court's action on such motions. Practice Book § 779A. In the absence of a transcript and in light of these provisions of the Practice Book, the filing of the defendant's assignment of errors addressed

---

[3] "[General Statutes] Sec. 51-70a. PARTIES MAY REQUEST STENO-GRAPHIC NOTES BE TAKEN IN CIRCUIT COURT. When any party in any proceeding in the circuit court, except a small claims session, requests that stenographic notes of the proceedings be made, the judge before whom the matter is pending shall call in an official court reporter . . . , who shall be sworn to the faithful performance of his duties. The compensation of such court reporter . . . for attendance and his fees for making copies shall be fixed by the judge at a rate not greater than the rate established for the official court reporter of the superior court. The fee for a transcript of such notes, when made for the court or for the prosecuting attorney, shall, upon the certificate of the judge before whom the matter is pending, be paid by the state as other court expenses, and in all other cases by the party ordering the same, and such copies shall be furnished within a reasonable time." (Later amended by Public Acts 1974, No. 74-183 § 44.)

to the court's denial of the motion to correct its finding was clearly improper.

Due to the absence of a transcript of the hearing on the motion to open the judgment, which in turn was due to the failure of the defendant to request one in accordance with § 778N of the Practice Book, there is, of course, nothing to support the defendant's attack on the finding of the court that the defendant offered no evidence that he was prevented by mistake, accident or other reasonable cause from appearing and making a defense.

In these circumstances, having failed to follow the proper procedure prescribed by the rules of practice to have a transcript available, and in the absence of anything whatsoever by way of transcript or record to indicate what, if any, evidence was presented to the trial court in support of or in opposition to his motion to open the judgment, the defendant attempted to cure the deficiency in part by means of a stipulation as to the claims of law which he had made in support of his motion.

Section 779B of the Practice Book does provide for a measure of relief to a party who, like the defendant, attempted to take an appeal from the Circuit Court without having previously requested that stenographic notes be taken of the proceedings giving rise to the appeal. It provides that where there is no transcript of evidence available an appellant may not assign error with respect to rulings on evidence or other rulings made during the trial unless he can agree with the appellee as to the substance of such rulings and such agreement is endorsed by the parties on the assignment of errors.

In accordance with the procedure contemplated by § 779B, the parties did agree and endorse on the

assignment of errors that the defendant did raise two issues of law in the trial court. The first was that the defendant claimed that relief was available under § 52-212 of the General Statutes and § 286 of the Practice Book to open a judgment without a showing that the defendant was prevented by accident, mistake or other reasonable cause from appearing to make this defense. On this claim, the court ruled that relief under those provisions is unavailable without a showing that the defendant was prevented from appearing to make his defense by accident, mistake or other reasonable cause. The second issue of law raised was that the defendant claimed that the court has powers over its judgments not limited by § 52-212 and § 286 "and may reopen, set aside or vacate them." The court did not make an express ruling as to this claim.

Without any transcript of evidence to support an attack on the court's findings of fact, the defendant next attempted to cure that deficiency and reconstruct the evidence produced at the hearing by the device of a "Motion to Correct Appeal." In this motion, addressed to the trial court, he set out what is in substance a repetition of the draft finding he had previously filed, reciting his version of what had transpired at the hearing on the motion to open the judgment, what evidence he claims the defendant offered and what arguments and claims were made, all substantially the same as previously asserted in his prior motion to correct the finding, which motion had been denied. The court also denied this motion and the defendant thereupon filed a "Motion for Review of Decision Concerning Rectification of Appeal" in which he repeated the contents of his denied "Motion to Correct Appeal,"

stating that the trial court had refused to correct the finding by including these recitals as facts found by the court and had also refused the defendant's motion to correct the appeal to find the same facts. He moved "that the Appellate Division of the Court of Common Pleas correct the record, so that the above stated facts appear therein."

The plaintiff in reply filed in the appellate court her objections to the defendant's motion for review of the decision denying his motion to correct or rectify the appeal, relying upon the provisions of §§ 622 and 623 of the Practice Book, and particularly the provision of § 779A that an appellant may not assign error as to the trial court's decision on a motion to correct the finding where there is no transcript of evidence.

On the record as it thus stood, the appeal was heard by the Appellate Division of the Court of Common Pleas. On the petition to this court for certification for appeal, the record, as submitted pursuant to the provisions of § 748 of the Practice Book, included neither any record of judgment by the Appellate Division of the Court of Common Pleas nor any opinion of the panel of judges who heard the appeal. Whether this court would have granted certification if the complete record had been submitted as the Practice Book requires is now an academic question. Since the matter has been fully argued and we have acquired a copy of the judgment from the original court file and a copy of the opinion of the Appellate Division which we found upon inquiry did exist, we have decided to rule on the merits of the appeal.

The judgment of the Appellate Division discloses that while not expressly ruling on the defendant's

motion for review of the decision concerning rectification of the appeal, the panel rendered judgment finding that "there is no error in the record, judgment, proceedings and decisions of the Circuit Court" and dismissed the appeal.

We find no error in the judgment of the Appellate Division. The trial court's finding of facts amply supports its conclusion and we cannot go behind that finding. The failure of the defendant to avail himself of the provisions of § 778N of the Practice Book so that a transcript of the hearing on the motion to open the judgment would be available precludes him from attacking that finding on appeal as unsupported by the evidence. His attempt to remedy the deficiency by motions to correct the appeal and for review of the trial court's denial of his motion for rectification is unavailing. Such an attempted reconstruction of the evidence offered at trial is not a permissible alternative to a transcript. See Practice Book §§ 778N, 779A, 675, 622 and 623. Nor, in the event of such reconstruction, and in the absence of a new trial, would there be any way to determine the weight and credibility which a trier would accord to such evidence. Similarly, assertion of error in rulings on claims of law can be validly tested only by their relevancy and application to the facts as found by the court. On the existing record, neither the Appellate Division of the Court of Common Pleas nor this court can find any error in the decision of the trial court, lacking knowledge of what evidence was submitted to it and of the weight and credibility it accorded to any evidence and testimony of any witnesses it heard.

There is no error.

In this opinion the other judges concurred.