CONNECTICUT LIGHT AND POWER COMPANY *v.* TAX COMMISSIONER

HARTFORD ELECTRIC LIGHT COMPANY *v.* TAX COMMISSIONER

LOISELLE, MACDONALD, LONGO, DANNEHY and COLLINS, JS.

Argued April 4—decision released July 1, 1975

*Ralph G. Murphy,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general and *Richard K. Greenberg,* assistant attorney general, for the appellant (defendant) in both cases.

*William G. DeLana,* with whom was *Renard J. Kolasa,* for the appellees (plaintiffs) in both cases.

LOISELLE, J. The plaintiffs appealed to the Court of Common Pleas from the action of the defendant tax commissioner in refusing to correct the assessment of additional taxes plus interest on gross earnings of the plaintiffs. Judgments were rendered in favor of the plaintiffs, and the defendant has appealed to this court in both cases. As the issues in each case are identical, they will be considered in one opinion.

The unattacked findings of fact relative to both cases are as follows: The plaintiffs are public utilities organized and existing under the laws of this state. They are subject to regulation by the public utilities commission and for purposes of these cases were subject to a tax on their gross earnings pursuant to the uniform system of accounts prescribed for electric utilities, effective January 1, 1941, hereinafter referred to as the uniform system of accounts.

In 1972, the defendant gave the plaintiffs a timely notice of assessment of additional gross taxes plus interest on transmission receipts for the calendar years 1966, 1967 and 1968. The plaintiffs were taxed for transmission receipts as gross earnings under the then General Statutes § 12-264.[1]

To furnish electrical energy to its customers in some of its franchised areas, a public utility enters into an agreement with other utilities for the use of the other utilities' transmission facilities. Other public utilities, pursuant to a written agreement with a public utility, use the latter's transmission facilities to supply electrical energy to their customers in their noncontiguous franchised areas. Under such agreement a utility receives sums of money known as transmission receipts for the use of its transmission facilities by the other utilities. Transmission receipts do not represent income or revenues by a utility for rent for the use of its property nor for sales of electric energy to other utilities. These transmission receipts are cost-sharing payments received by a utility in return for the other utility's transmission of its own electric

---

[1] "[General Statutes] Sec. 12-264. TAX ON GROSS EARNINGS. . . . [E]ach company, . . . the principal business of which is manufacturing, selling or distributing gas or electricity or steam to be used for light, heat or power or operating a system of water works for selling and distributing water for domestic or power purposes, shall pay an annual tax upon gross earnings from such operations in this state. Gross earnings from such operations shall include all income classified as operating revenues by the public utilities commission in the uniform systems of accounts prescribed by said commission and, with respect to each such company, all income classified in said uniform systems of accounts as income from merchandising, jobbing and contract work, income from nonutility operations and revenues from lease of physical property not devoted to utility operation, and receipts from the sale of residuals and other by-products obtained in connection with the production of gas, electricity or steam. . . ."

power over the former's transmission lines. In order to place a fair burden on the ratepayer, the capital and maintenance costs of the transmission line are shared by the two utilities.

Transmission receipts were not classified in the uniform system of accounts as (1) income from merchandising, jobbing and control work; (2) income from nonutility operations; (3) revenues from lease of physical property not devoted to utility operations; or (4) receipts from the sale of residuals and other by-products obtained in connection with the production of gas, electricity, or steam. The court's statement that "[t]he sole issue in this case is whether 'transmission receipts' were classified under the 'Uniform System of Accounts Prescribed for Electric Utilities effective January 1, 1941' in Accounts 601-615 as 'operating revenues,'" is one of the unattacked findings. The defendant has stipulated that transmission receipts are not classified in the uniform system of accounts as operating revenues since they are properly classified in account 739 thereunder. Account 739 is classified as an operating expense account and is not an operating revenue account.

In the appeals before the Court of Common Pleas the defendant by way of special defense pleaded the doctrine of collateral estoppel, claiming that the issues and claims in the present cases were concluded and determined by the judgment in *Hartford Electric Light Co.* v. *Sullivan,* 161 Conn. 145, 285 A.2d 352. The defendant claims that the court erred in overruling this claim of law and in concluding that the doctrine of collateral estoppel was not applicable to these appeals.

*Hartford Electric Light Co.* v. *Sullivan,* supra, concerned tax assessments for the years 1962, 1963

and 1964. These cases are concerned with taxes for the years 1966, 1967 and 1968. Consequently, these cases state a different cause of action from that litigated in *Hartford Electric Light Co.* v. *Sullivan*, supra. See *Commissioner of Internal Revenue* v. *Sunnen*, 333 U.S. 591, 598, 68 S. Ct. 715, 92 L. Ed. 898. Collateral estoppel "is that aspect of res judicata which is concerned with the effect of a final judgment on the subsequent litigation of a different cause of action involving some of the issues determined in a former action between the parties." *Brockett* v. *Jensen*, 154 Conn. 328, 337, 225 A.2d 190. Collateral estoppel depends upon the rendering of a valid final judgment of the matter in issue by a court of competent jurisdiction. *Corey* v. *Avco-Lycoming Division*, 163 Conn. 309, 317, 307 A.2d 155; *Waterbury Savings Bank* v. *Danaher*, 128 Conn. 78, 92, 20 A.2d 455. " '[A] prior judgment between the parties has been held to operate as an estoppel in a suit on a cause of action different from that forming the basis for the original suit "only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.". . .' *Partmar Corporation* v. *Paramount Pictures Theatres Corporation*, 347 U.S. 89, 90, 74 S. Ct. 414, 98 L. Ed. 532." *Brockett* v. *Jensen*, supra, 338; see *Spencer* v. *Mack*, 112 Conn. 17, 24, 151 A. 309; Restatement, Judgments § 68.

*Hartford Electric Light Co.* v. *Sullivan*, supra, was before this court on reservation. The questions reserved concerned what receipts were taxable under General Statutes § 12-264. The court answered that the plaintiff's "gross earnings from operations" are taxable under chapter 212 and that this included all items contemplated by §§ 600–615

of the 1941 uniform system of accounts prescribed for electrical utilities (operating revenues) as well as any other receipts which fall reasonably under any of the categories there listed, and that these items are taxable prospectively, from the time of their inclusion by the commissioner. We stated therein that transmission receipts and transmission credits can be taxed as operating revenues "probably" under §§ 605 and 610 respectively. Both of those sections are classified as operating revenue accounts. Because the defendant had not previously taxed transmission receipts and credits and a change in the tax base had a retroactive effect, we stated that "because of the uncertainty, difficulties and hardship which could thus arise, we have never hesitated, on the ground of public policy, to curb the right of an administrative body to change its decision with retroactive effect." *Hartford Electric Light Co.* v. *Sullivan,* supra, 159. But see General Statutes § 12-268a.

The precise question with regard to transmission receipts reserved to the court in *Hartford Electric Light Co.* v. *Sullivan,* supra, " 'Is the plaintiff entitled to a refund of taxes paid on account of the inclusion in "gross earnings from operations" of its . . . transmission receipts in 1964 . . . ?' " was answered as follows: "Transmission receipts were not taxable in 1964, and thus the plaintiff is entitled to a refund for the taxes paid thereon."

Thus, although the rationale and the dicta in *Hartford Electric Light Co.* v. *Sullivan,* supra, concerning future taxation of transmission receipts and credits are supportive of the defendant's assessment in these cases, the judgment in that case, owing to the application of the court's interpretation

of § 12-268a, is just opposite. Under these circumstances the doctrine of collateral estoppel is not applicable. Annot., 133 A.L.R. 840, 850, 853; Restatement, Judgments § 68; 2 Freeman, Judgments (5th Ed.) § 697.

The remaining assignments of error are directed to the court's conclusions that the transmission receipts for the years in question were not assessable and therefore not taxable. The defendant argues that the construction of § 12-264 set forth in the dissenting opinion in *Hartford Electric Light Co.* v. *Sullivan,* supra, 161-62, should at this time be adopted as the controlling law in this case. The dissent disagreed with the majority's interpretation that the extent of gross earnings under General Statutes § 12-264 is limited to operating revenues and all other income classified in the uniform system of accounts as income and as enumerated in the statute. The dissent stated that the enumerated sources of income were not a limitation on what should be included as gross earnings and that transmission receipts and credits would better be treated as falling into the general category of gross earnings. Even if this court were so inclined, adoption of the reasoning of the dissent at this time is precluded by the record in this case.

From the unattacked findings previously set forth, the court reached the following unattacked conclusions: that chapter 212 of the General Statutes imposes a gross earnings tax only upon those items classified as "operating revenues" in the uniform system of accounts; that "operating revenues" subject to tax under chapter 212 of the General Statutes are limited to those items classified as such in the uniform system of accounts; that "transmis-

sion receipts" are not classified as "operating revenues" in the uniform system of accounts; that since "transmission receipts" are not classified as "operating revenues" in the uniform system of accounts, or in any of the other accounts enumerated in General Statutes § 12-264, they are not taxable under chapter 212 of the General Statutes; that transmission receipts do not include revenues from rental of the property or from the sale of electricity by a utility to another; that the defendant admits that transmission receipts are not classified other than under "operating expense"; and that the defendant admits that transmission receipts and transmission credits were not "operating revenues" under the uniform system of accounts, dated January 1, 1941. In addition to those unattacked conclusions, the defendant did not attack a finding of the court that "[t]he sole issue in this case is whether 'transmission receipts' were classified under the 'Uniform System of Accounts Prescribed for Electric Utilities effective January 1, 1941' in Accounts 601–615 as 'operating revenues.'"

The judgment must be controlled by the finding. In view of the unattacked findings of facts and the unchallenged conclusions stated above, this court is compelled to find that, irrespective of the arguments of the defendant, there is no error in either case. The court's finding of facts supports its conclusion and we cannot go behind that finding. *Coveney* v. *Nicoletti,* 168 Conn. 184, 193, 362 A.2d 937.

The defendant claims that the judgment is incorrect in that it orders a refund with interest where no payment was made by the plaintiffs. The judgment only orders a refund of "such monies that

were paid" by the plaintiff for taxation on transmission receipts or credits. As no payment was made, no refund need be made.

There is no error.

In this opinion the other judges concurred.