CAROL L. MARCUS *v.* BURTON S. MARCUS

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 150623
NEW HAVEN AT NEW HAVEN

Memorandum filed November 28, 1978

*Ullman, Perlmutter & Ullman,* for the plaintiff.

*Sagarin & Rutkin,* for the defendant.

NORTON M. LEVINE, J. The plaintiff's motion for summary judgment arises out of a separation agreement between the parties. The plaintiff wife and the defendant husband were married in 1961. In 1971, the defendant obtained a Mexican divorce. Two days prior to that divorce, the plaintiff and the defendant executed a separation agreement, which was incorporated into the divorce decree by reference.

This is the second suit commenced by the plaintiff against the defendant and based on paragraph 15

of the agreement. The first action involved sums claimed by the plaintiff to be due her for the years 1971–1974, inclusive. Following a hearing in the Superior Court an appeal was taken by the defendant to the Supreme Court. On May 16, 1978, the Supreme Court ruled in favor of the plaintiff on the issues presented therein. *Marcus* v. *Marcus,* 175 Conn. 138.

The present action was commenced by writ dated October 6, 1976, and originally made claim only for a balance due for the year 1975 under paragraph 15 of the agreement. On July 13, 1978, and subsequent to the decision of the Supreme Court, supra, the plaintiff amended her complaint by adding a second count relative to sums alleged to be due her from the defendant under paragraph 15 for the year 1976. She stated therein that her claim was precisely based on the computations of the Superior Court in the first case which she had brought, which computations were later affirmed by the Supreme Court.

On July 13, 1978, the plaintiff likewise filed an amendment consisting of a third count and asserting a balance due from the defendant under paragraph 15 for 1977. Again, she contended therein that the computation utilized by her was that employed by the Superior Court in her first case.

On August 23, 1978, the plaintiff filed her present motion for summary judgment, seeking recovery of balances claimed due for the years 1975, 1976 and 1977. She cited paragraph 15 as the basis for her motion. She argued that her rights for 1975–1977 under paragraph 15 were validated by the decision in the first case and affirmed by the Supreme Court in *Marcus* v. *Marcus,* supra. She urged that the parties to the present action and the issues between them are identical to those involved in the first case.

and that, accordingly, the judgment rendered in that case is res judicata and conclusive upon the parties herein.

The total which the plaintiff seeks to recover in the present case for the years 1975–1977 is $48,722.48, plus costs. Included in this sum are three separate items of interest for those years, calculated up to and including September 29, 1978. The total interest claimed is $3644.81.

Paragraph 7 of the agreement obligated the defendant to pay the plaintiff certain fixed sums by way of alimony for herself and by way of child support for their two minor children. As a supplement, paragraph 15 (sometimes hereinafter referred to as the "escalator clause") provided, in relevant part, as follows: "Pro-Rata Share of Increased Income of Husband. In the event that said Husband's income shall increase in any one year, then in that event the said Wife and children shall be entitled to share proportionately in said increase of income. Said proportion of any increase in Husband's income above $24,000.00 per year [to] be shared by the Wife and children shall be 25% of any increase."

A problem under paragraph 15 arose when, subsequent to the divorce, the defendant caused a professional corporation to be organized under Connecticut law in connection with his dental practice. The defendant became the sole stockholder and director of the corporation, which paid all the expenses of the defendant's dental practice and also paid him a salary. The corporation further contributed to a pension and profit-sharing fund, which supplied retirement benefits for the defendant and certain other employees of the corporation.

One of the main items in dispute in the case determined by the Supreme Court in May, 1978, was the

meaning of "income" as used in paragraph 15, with respect to receipts of the professional corporation. The Supreme Court ruled that "income," as used in paragraph 15, was intended to cover the defendant's gross earnings in the practice of dentistry (including the receipts of the professional corporation), less the necessary expenses of those earnings. Therefore, the defendant's annual income for the years 1971–1974 as described in paragraph 15 was held by the Supreme Court to include not only his salary from the corporation, but also the sums contributed by the corporation to the pension fund on the defendant's behalf.

The defendant, in opposition to the motion for summary judgment, alleges that three issues of material fact remain to be decided. First, although the Supreme Court sustained his liability for interest on the sums due for 1971–1974, the defendant urges that any award of interest for 1975–1977 nevertheless remains discretionary with the trier of fact in the present case. Second, the defendant argues that the plaintiff's precise share of any increase in payments under paragraph 15 is still shrouded in doubt since it is unclear, from the terms of that paragraph, what proportion thereof the plaintiff should retain and what share should go to her children. Finally, the defendant maintains that, relative to the proper interpretation of paragraph 15, he should be permitted to offer the testimony of Benjamin Chapnick, his former attorney and the alleged drafter of the separation agreement.

While res judicata would normally be invoked only by a defendant, it is equally available to a plaintiff in a proper case. 50 C.J.S., Judgments, § 596, p. 14.

The plaintiff's motion lacks merit for the reasons set forth hereinbelow.

## I

A comment on the applicability of res judicata is appropriate. The discussion herein will include the version known as collateral estoppel. *Lynch* v. *Commissioner of Internal Revenue,* 216 F.2d 574, 579 (7th Cir.); *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317.

It is true that a final judgment on the merits is conclusive on the parties to an action and their privies as to the cause of action involved. If the same cause of action is again sued upon, the prior judgment is conclusive with respect to any claims relating to that cause of action which were actually made or which might have been made. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196.

The plaintiff, however, has fallen into error by labeling her present suit the same cause of action as contained in the first case she brought against the defendant. In fact, where several claims due or enforceable at different times arise out of the same transaction, separate actions may be brought as each liability accrues. This rule applies in the present case relative to each year in issue under the separation agreement. 50 C.J.S., Judgments § 669 (a), p. 115, and cases cited; 46 Am. Jur. 2d, Judgments § 408, p. 576.

In *Connecticut Light & Power Co.* v. *Tax Commissioner,* 169 Conn. 58, the state tax commissioner attempted to tax transmission receipts of the plaintiff for the years 1966–1968, inclusive, as part of gross earnings. The court (p. 62) rejected the defendant's collateral estoppel argument, which was based on a prior case involving the Hartford Electric Light Company for the years 1962–1964, inclusive. *Hartford Electric Light Co.* v. *Sullivan,* 161 Conn.

145. The court held (p. 62) that a suit based on subsequent years states a different cause of action. See *Pepin* v. *Danbury*, 171 Conn. 74, 79.

Where the subsequent suit is based upon a different cause of action from that of the prior case, the effect of the first judgment is quite limited. The original judgment is conclusive between the parties in a second suit only as to questions actually litigated and determined by the first judgment. It is not conclusive as to questions which might have been but which were not litigated in the original action. This is the doctrine of collateral estoppel. *Slattery* v. *Maykut*, 176 Conn. 147, 159.

Further, a defendant is not precluded from defending the second action on grounds not actually litigated and determined in the first action. *Local 1219* v. *Connecticut Labor Relations Board*, 171 Conn. 342, 356; Restatement, Judgments § 68, pp. 294–95.

## II

In view of the comments in part I, supra, the defendant's resistance to the summary judgment is justified.

Although it is correct that the Supreme Court in *Marcus* v. *Marcus*, 175 Conn. 138, affirmed the Superior Court's finding to the effect that interest was due to the plaintiff for 1971–1974, that court pointed out that an award of interest on this type of claim is an equitable matter, to be made in the discretion of the trier. It must be shown that detention of the money was wrongful under all the circumstances. *Scribner* v. *O'Brien, Inc.*, 169 Conn. 389, 406; *Cecio Bros., Inc.* v. *Feldman*, 161 Conn. 265, 274–75. If interest is allegedly due the plaintiff for 1975–1977 as the years presently in dispute, there should be a definitive ruling as to those years in the discretion of the trial court herein.

Owing to the ambiguous phraseology of paragraph 15, the precise amount that the plaintiff, as opposed to her children, can recover is not clear. It is true that the Supreme Court in *Marcus* v. *Marcus,* supra, sustained the plaintiff's basic claim to additional sums under paragraph 15. Nothing therein, however, established an allocation formula for division of the excess proportionately between the plaintiff and her children. This, again, is a material issue of fact, for determination at a later trial.

No extended comment is necessary as to the defendant's third argument relative to the testimony of Attorney Chapnick. The problems of an award of interest and the allocation of the plaintiff's share under paragraph 15 are fully dispositive of the plaintiff's present motion.

To summarize, the Supreme Court in *Marcus* v. *Marcus,* supra, did not finally determine the question of interest and the formula for allocation of the excess to the plaintiff under paragraph 15 in any manner or respect which was conclusive or binding as to the years 1975–1977. Therefore, this court concludes that the doctrines of res judicata and collateral estoppel cannot bar the defendant from litigating these issues in the present case.

### III

The foregoing observations are fortified by the stringent rules governing the granting of summary judgments. The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles, entitle him to judgment as a matter of law. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. *Spencer* v. *Good Earth Restaurant Corpora-*

*tion,* 164 Conn. 194, 197–98. The limited function of the court herein is merely to determine whether a genuine issue of material fact exists and not to try that issue, if it exists. *Spencer* v. *Good Earth Restaurant Corporation,* supra, 197.

The restrictive rules pertaining to summary judgments as contained in *Spencer* have been reiterated in the subsequent cases of *Michaud* v. *Gurney,* 168 Conn. 431, 433, and *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 6.

It is particularly appropriate to hold an affidavit submitted in support of a motion for summary judgment by a moving party to a strict standard. Since the burden is on the plaintiff as the movant the evidence must be viewed in the light most favorable to the defendant as the nonmovant. The defendant is given the benefit of all favorable inferences that can be drawn. *Evans Products Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 516. If the facts set forth in the counteraffidavit show a defense, then the counteraffidavit should not be stricken. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264. If important issues exist relative to the nature, extent and legal effect of a provision in an agreement, such as paragraph 15, or as to liability for a discretionary award of interest, summary judgment should not enter. *Associates Discount Corporation* v. *Smith's Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 181.

Accordingly, the plaintiff's motion for summary judgment is denied.