[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 14, 1992, the plaintiff, Michael Ohler commenced this action by writ, summons and complaint. In count one of the complaint the plaintiff alleges intentional fraud on the part of the defendant Barbara Ohler. In count two of the complaint the CT Page 1350 plaintiff alleges negligent misrepresentation on the part of the defendant. Count three of the plaintiff's complaint seeks a declaratory judgment. Count four seeks further equitable relief.
On September 23, 1992 the defendant filed an answer with special defenses and counterclaim. The defendant alleges four special defenses to the plaintiff's complaint. The first of these special defenses alleges res judicata pursuant to General Statutes46b-172(b). The defendant sets forth in the first special defense that on or about January 4, 1980, the plaintiff and the defendant were divorced and at said time, the plaintiff's status as father of the minor child, Tonya Lynn Ohler, born May 27, 1977, was raised and adjudicated. In the second special defense to the plaintiff's complaint the defendant alleges inter alia that the issue of paternity of the minor child was raised and adjudicated in 1980 and 1991 and as such these decisions are res judicata as to that issue. The third special defense to the plaintiff's complaint alleges inter alia that collateral estoppel precludes a redetermination of the issue of paternity since said issue has already been litigated and determined by valid judgments in 1980 and again in 1991. The fourth special defense alleges the statute of limitations.
In a single count counterclaim, the defendant alleges a claim for abuse of process. Specifically, the defendant alleges that the plaintiff and the defendant's marriage was dissolved on January 4, 1980, and on that date the court found that there was a minor child issue of that marriage. The counterclaim also alleges that on October 16, 1991 the plaintiff filed a motion for paternity testing. Said motion was denied by the court pursuant to General Statutes 46b-172(b). The counterclaim further alleges that the plaintiff, rather than filing an appeal from the November 25, 1991 judgment, commenced a new action against the defendant and by commencing this new law suit the plaintiff is again trying to relitigate the paternity issue before the same court which previously denied such a reconsideration. As a result, the plaintiff is using a legal process in an improper manner and is therefore liable to the defendant for an abuse of process.
The four special defenses and the counterclaim are the subject of the motion to strike presently before this court.
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the court is CT Page 1351 required to construe the facts in the pleading most favorably to the non-moving party when considering a motion to strike. See Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170,544 A.2d 432 (1989).
The legal sufficiency of a special defense may be determined by reference to Practice Book Section 164 which states that "[f]acts which are consistent with [the plaintiff's statement of fact] but which show, not withstanding, that he has no cause of action, must be specially alleged." Practice Book Section 164. See also Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992) (stating that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless that the plaintiff has no cause of action."). Thus, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Daniels v. Martinczak, 5 Conn. L. Rptr. No. 16, 429 (February 3, 1992, Schaller, J.), citing Ferryman, supra.
In its memorandum in support of its motion to strike the plaintiff seeks to strike the defendant's first special defense (Res judicata pursuant to General Statutes Section 46b-172(b)) because the action that the plaintiff commenced is based on fraud.
"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." Connecticut Water Co. v. Beausoleil,204 Conn. 38, 43, 526 A.2d 1329 (1987). The judicial doctrine of res judicata is based on "the public policy that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 363-64, 511 A.2d 333 (1986).
The defense of res judicata must be specially pleaded in accordance with Practice Book Section 164. Anderson v. Latimer Point Management Corp., 208 Conn. 256, 263, 545 A.2d 525 (1988). In addition, the res judicata defense must be predicated on a final decision, a judgment on the merits. Hughes v. Bemer, 206 Conn. 491,494-95, 538 A.2d 703 (1988).
The defendant, in her first special defense has alleged that CT Page 1352 a valid final judgment was entered between the parties on January 4, 1980 where the issue of the plaintiff's status as father of the minor child, Tonya Lynn Ohler was raised and adjudicated. Thus, the defendant has alleged facts that a valid final judgment exists. These allegations construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action. See Daniels v. Martinczak, supra. Accordingly, the defendant has plead facts which allege the special defense of res judicata.
The plaintiff seeks to strike the defendant's second special defense of res judicata on the grounds that the judgment of paternity between the parties was the subject of a stipulation between the parties and was never litigated. This claim by the plaintiff is meritless. "A judgment by consent is in effect an admission by the parties that the decree is a just determination of their rights on the real facts of the case had they been found." Shaw v. Spelke, 110 Conn. 208, 215, 147 A. 675 (1929).
"In judging a motion to strike, . . . it is of no moment that the [defendant] may not be able to prove his allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129. 132, 471 A.2d 679 (1983). The sole inquiry at this stage is whether the allegations construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action. See Daniels v. Martinczak, supra.
The plaintiff seeks to strike the defendant's third special defense of collateral estoppel. The plaintiff contends that the defendant has failed to allege facts relevant to this defense by arguing the principle of equitable estoppel. The plaintiff apparently has confused the principle of collateral estoppel, which is what the defendant has specially plead, with the principle of equitable estoppel.
Collateral estoppel, or "issue preclusion," prevents a party from relitigating an issue that has been determined in a prior suit. Rawling v. New Haven, 206 Conn. 100, 110, 537 A.2d 439
(1988). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted.) Aetna Casualty 
Surety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991). "Collateral estoppel `is that aspect of res judicata which is CT Page 1353 concerned with the effect of a final judgment on the subsequent litigation of a different cause of action involving some of the same issues determined in a former action between the parties.'" Laurel. Inc. v. Commissioner of Transportation, 180 Conn. 11, 22,428 A.2d 789 (1980), quoting Connecticut Light Power Co. v. Tax Commissioner, 169 Conn. 58, 62, 362 A.2d 958 (1975). "Collateral estoppel . . . serves to estop the relitigation . . . of any right, fact or legal matter which is put in issue and has been once determined by a valid and final judgment of a court of competent jurisdiction." P.X. Restaurant Inc. v. Windsor, 189 Conn. 153,161, 454 A.2d 1258 (1983).
Equitable estoppel, on the other hand, is "`the effect of the voluntary conduct of a party whereby he is absolutely precluded at both law and equity, from asserting rights which might perhaps have otherwise existed, . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse.'" (Citations omitted.) Emerick v. Emerick, 28 Conn. App. 794, 802, ___ A.2d ___ (1992). The principle of equitable estoppel does not apply in the present case. The defendant has plead the special defense of collateral estoppel not equitable estoppel, and thus, the defendant does not need to allege facts concerning equitable estoppel.
The defendant has alleged in the third special defense that a valid and final judgment exists. Therefore, this special defense is legally sufficient because the facts fairly provable thereunder show that the plaintiff has no cause of action. Daniels, supra.
In her fourth special defense the defendant alleges the statute of limitations, a defense that must be specially pleaded in accordance with Practice Book Section 164. See Travelers Indemnity Co. v. Robin, 209 Conn. 437, 445-46, 551 A.2d 1220 (1988). Specifically, that on November 4, 1980 the plaintiff and defendant were divorced and that the paternity of the minor child was determined at that time. The defendant further alleges that the right of action for the cause stated in the complaint (fraud) did not accrue within three years of the commencement of the present case. In his memorandum in support of his motion to strike the fourth special defense the plaintiff contends that the three year statute of limitations to initiate a paternity suit was declared unconstitutional and an action regarding paternity may be commenced at anytime up until the child's eighteenth birthday. See Moore v. Mcnamara, 201 Conn. 16, 18-19, 513 A.2d 660 (1986). While this is a correct statement of the law, the plaintiff in support of his CT Page 1354 motion to strike the fourth special defense relies wholly on facts outside the pleadings. For instance, the plaintiff argues that the fraud was not discovered until blood tests came back from the lab. The pleadings do not allege any facts about blood tests. "A motion to strike which imparts facts from outside the pleadings is an improper speaking motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (Super.Ct. 1979). "The court cannot consider such extraneous material on a motion to strike." Connecticut State Oil Co., supra, 183.
Thus, the plaintiff's request to strike the defendant's fourth special defense is denied.
The plaintiff also seeks to strike the defendant's counterclaim, abuse of process, and contends that the issue was never litigated before Judge Pickett.
 An action for abuse of process lies against any person using a "legal process against another in an improper manner or to accomplish a purpose for which it was not designed." Varga v. Pareles, supra, 667; Schaefer v. O.K. Tool Co., 110 Conn. 528, 532, 533, 148 A. 330
(1930). Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, Sec. 682, emphasizes that the gravamen of the action for abuse of process is the use of "a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . ." Comment b to Sec. 682 explains that the addition of "primarily" is meant to exclude liability "when the process is used for the purpose for which it was intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Citations omitted).
Mozzochi v. Beck, 204 Conn. 490, 494, 529 A.2d 171 (1987). An ulterior motive is not an essential element of the cause of action. Lewis Truck Trailer. Inc. v. Jandreau, 11 Conn. App. 168, 170,526 A.2d 532 (1987). "The purpose for which the process was used, once it is issued, is the only thing of importance." Lewis Truck 
Trailer, supra, 171. CT Page 1355
The counterclaim states a claim for abuse of process. The counterclaim alleges inter alia that the plaintiff and the defendant's marriage was dissolved on January 4, 1980, and on that date the court found that there was a minor child issue of that marriage. The counterclaim also alleges that on October 16, 1991 the plaintiff filed a motion for paternity testing. Said motion was denied by the court pursuant to General Statutes 46b-172(b) which precludes relitigation of the issue of paternity insofar as more than three years had elapsed since the judgment decreeing paternity had entered. The counterclaim further alleges that the plaintiff, rather than filing an appeal from the November 25, 1991 judgment, commenced a new action against the defendant in which the plaintiff is again trying to relitigate the paternity issue before the same court which previously denied such a reconsideration. As a result, the plaintiff is using a legal process in an improper manner and is therefore liable to the defendant for an abuse of process.
"In judging a motion to strike, . . . it is of no moment that the [defendant] may not be able to prove his allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford. Inc., supra, 132. The sole inquiry at this stage of the pleadings is whether the defendant's allegations if proved state a cause of action. Babych v. McRae, 41 Conn. Sup. 280, 282, 567 A.2d 1269
(1989) (Schaller, J.).
Moreover, the plaintiff argues facts outside the pleadings. For instance, the plaintiff argues that when Judge Pickett heard the parties on the motion for blood test no witnesses were sworn. The pleadings do not allege any facts about blood tests or witnesses. These facts are outside the pleadings and thus, constitute an improper speaking motion to strike. See Connecticut State Oil Co. v. Carbone, supra, 182-83.
In the case at bar the defendant has stated a cause of action for abuse of process. Additionally, the plaintiff has relied on facts outside the pleadings which constitutes an improper speaking motion to strike. Accordingly, the motion to strike the counterclaim is denied.
In sum, the plaintiff's motion to strike the defendant's special defenses and counterclaim is denied.
DRANGINIS, J. CT Page 1356