[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4715
Chester and Dorothy DuPont, bring this action pursuant to the highway defect statute in eight counts against the City of Danbury. They allege that on August 5, 1998, they were traveling in a westerly direction to the rear of Italian Bistro, located at 98 Newtown Road, Danbury, when the motor vehicle in which they were riding struck a protruding manhole cover, causing an accident in which they sustained personal injuries.
The defendant has filed a motion for summary judgment on the ground that the accident location is not part of the traveled portion of the roadway which the City of Danbury has a duty to maintain and repair under § 13a-149 of the General Statutes and, therefore, the defendant is not liable.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55 (1998). It is well established that the moving party has the burden of showing the absence of any genuine issue of material fact; "a party opposing summary judgment must [however] substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995).
"Any person injured in person or property by means of a defective road or bridge may recover damages from the party boundto keep it in repair." (Emphasis added.) Section 13a-149. To recover under a complaint for breach of a statutory duty, the plaintiff must prove, by a fair preponderance of the evidence that: (1) the highway was defective as claimed; (2) the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) CT Page 4716 the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence. Prato v. City of NewHaven, 246 Conn. 638, 642 (1998).
The defendant argues that it did not have a duty to maintain and repair the parking area where the plaintiffs' injuries occurred.[1] In support of the defendant's argument, the defendant offers the August 28, 1998 handwritten statement of Chris Arcamone, a secretary, treasurer and partner of Italian Bistro, Inc. Arcamone "s statement does not meet the requirements necessary for supporting documentation. "[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity. . . do not constitute proof of documentary evidence for purposes of a motion for summary judgment." (Citations omitted; internal quotation marks omitted.) Agosto v. AetnaCasualty Surety Co., Superior Court, judicial district of Litchfield, Docket No. 058311 (January 24, 1996, Picket, J.) (16 Conn.L.Rptr. 100); see also Hayes v. Crehen, Superior Court, judicial district of Danbury, Docket No. 320486 (February 13, 1997, Moraghan, J.). "It is particularly appropriate to hold an affidavit submitted in support of a motion for summary judgment by a moving party to a strict standard. Since the burden is on . . . the movant the evidence must be viewed in the light most favorable to the nonmovant." Marcus v. Marcus, 35 Conn. Sup. 205,212 (1978). "Only evidence that would be admissible at trial may be used to support or oppose . . . summary judgment." PeerlessIns. Co. v. Gonzalez, 241 Conn. 476, 481 (1997). "Supporting and opposing affidavits . . . shall set forth such facts as would be admissible in evidence. . . ." Practice Book § 17-46.
In further support of the defendant's argument, the defendant offers the affidavit of Frank Cavagna, the highway superintendent for the City of Danbury. Cavagna avers that the city does not owe a duty, under § 13-149, to maintain, control and/or repair the area located behind the Italian Bistro Restaurant. "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law."Pion v. Southern New England Telephone Co., 44 Conn. App. 657,660 (1997). Nonetheless, "[s]elf serving affidavits of moving parties are insufficient to support a motion for summary judgment." Graham v. Posta, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310102 (October 8, 1997,Melville, J.); see also McCarroll v. Marquis, Superior Court, judicial district of Danbury, Docket No. 331743 (October 29, 1999, Moraghan, J). CT Page 4717
The plaintiffs contend that because there are two manholes, a sewer stack and adjacent wetlands in the area where the accident occurred, the defendants have a duty to maintain and/or repair the area behind the Italian Bistro. Additionally, the plaintiffs allege that the defendant created and/or maintained a spring of running water and that that spring was the cause for the sinking and depression of the area surrounding the manhole cover. It is well settled that "[t]he notice, actual or implied, of a highway defect causing injuries which a municipality must receive as a condition precedent [to] liability for those injuries, is noticeof the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it. Notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient." (Emphasis in original; internal quotation marks omitted.) Prato v. City of New Haven, supra, 642. Therefore, even if the defendant did have notice of a spring, the defendant would need notice of the defect caused by that spring. The defendant argues that even if the plaintiffs' accident occurred on the traveled portion of the highway and the defendant had a duty, the defendant did not have notice of the defect. However, the defendant merely offers the self serving affidavit of Mr. Cavagna to support this.
As a matter of law, this court cannot conclude, based on the evidence submitted, that the defendant had no duty. This court also finds that there remains a genuine issue of material fact as to whether the defendant had notice. For the foregoing reasons, the defendant's motion for summary judgment is denied.
Moraghan, J.