HODGSON, J.
 

 The motion before the court raises the issue of whether a claimed tortfeasor who is not found to be liable may, postjudgment, sue another claimed tortfeasor to recover the expenses of defending against the claim. It also raises the doctrine of res judicata with respect to claims for indemnification.
 

 The plaintiff, Sachem Enterprises (Sachem), alleges in its complaint that in 1985 it was sued by Paul Skrainski on claims arising from a fire in which Skrainski sustained severe bums. Sachem impleaded Southern Connecticut Gas Company (gas company) as a third party defendant in
 
 Skrainski
 
 v.
 
 Harvester Chemicals, Inc.,
 
 Superior Court, judicial district of New Haven, Docket No. CV85-0240701 (January 19,1993). That case was tried to a jury, which returned a verdict in Sachem’s favor. The court directed a verdict against Sachem as to its third party complaint against the gas company, and judgment was subsequently rendered against Sachem on that claim. Sachem did not appeal.
 

 Sachem’s present complaint alleges that, as a result of the gas company’s conduct at issue in
 
 Skrainski,
 
 “Sachem unnecessarily incurred attorney’s fees, litigation costs, investigation costs, and suffered other loss and damages as a direct and indirect result of this fibre and the allegations of the lawsuit brought by Mr. Skrainski resulting from the fire which was caused by the gas company.”
 

 Sachem alleges that the gas company “has an obligation to indemnify [it] for its damages as a result of this fire and the ensuing litigation which would have been unnecessary had the gas company not been negligent.”
 

 
 *167
 
 The gas company has moved for summary judgment on the grounds that the complaint fails to state a claim and, alternatively, that any such claim is precluded by the prior litigation and judgment as to the third party complaint in
 
 Skrainski.
 

 Pursuant to Practice Book § 384, summary judgment “shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” The party seeking summary judgment “has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . .” (Internal quotation marks omitted.)
 
 Suarez
 
 v.
 
 Dickmont Plastics Corp.,
 
 229 Conn. 99, 105, 639 A.2d 507 (1994);
 
 Connelly
 
 v.
 
 Housing Authority,
 
 213 Conn. 354, 364, 567 A.2d 1212 (1990). “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.” (Internal quotation marks omitted.)
 
 Suarez
 
 v.
 
 Dickmont Plastics Corp.,
 
 supra, 105-106, citing
 
 Connell
 
 v.
 
 Colwell,
 
 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
 

 The defendant does not claim that summaiy judgment is precluded by the existence of any disputed factual issues, and the court concludes that only issues of law are presented.
 

 In August, 1985, Paul Skrainski brought suit after he was seriously injured in a fire at a building owned by Sachem. Skrainski’s injuries occurred as he attempted to extinguish a fire burning in a bucket of floor lacquer in a hallway. Skrainski sued Harvester Chemicals, Inc., the manufacturer of the floor lacquer; Harold J. Leese Floor Equipment and Supplies Company, the vendor of
 
 *168
 
 the product; and Sachem. The claim against Sachem alleged negligence in maintaining the premises, including failure to provide suitable fire extinguishers.
 

 The operative third party complaint at the time of trial in
 
 Skrainski
 
 was Sachem’s amended third party complaint dated November 20, 1991. In that pleading, Sachem made no amendment to its original claim for relief, which had been stated in its initial third party complaint dated September 14, 1990: “The Third Party Plaintiff claims indemnification against the Third Party Defendant, together with costs, expenses and attorneys fees.” Substantively, Sachem’s amended third party complaint alleged that if it were found to be liable to Skrainski, it “would be entitled to indemrufication from the third party defendant, Southern Connecticut Gas Company, as a result of the carelessness and negligence of the third-party defendant Southern Connecticut Gas Company,” in that the gas company had misnumbered the gas meters, preventing the gas from being turned off to avoid the risk of sparks and ignition during the use of floor lacquer in the apartment where the fire occurred.
 

 On January 13, 1993, the court,
 
 Gordon, J.,
 
 granted a motion for a directed verdict as to the amended third party complaint. The judgment resulting from that ruling has not been opened, nor has an appeal been taken as to the disposition of Sachem’s third party claim against the gas company.
 

 The jury returned a verdict in favor of Sachem on January 19,1993. On May 3,1993, Sachem filed a motion titled: “Motion for leave to file amended indemnity complaint against Southern Connecticut Gas Company.” The proposed amended complaint alleged the same claim, that the fire resulted from the gas company’s mislabeling of the meters for the various apartments and a claim that the gas company was hable to Sachem
 
 *169
 
 for damages it claimed to have suffered as a result of the fire, including counsel fees, investigation costs and losses from the fire. Judge Gordon denied this motion to file a postjudgment amendment on June 21, 1993. Sachem commenced the present action by a complaint returnable on July 27, 1993.
 

 The Connecticut Supreme Court has recognized that summary judgment is “the appropriate method for resolving a claim of res judicata.”
 
 Jackson
 
 v.
 
 R. G. Whipple, Inc.,
 
 225 Conn. 705, 712, 627 A.2d 374 (1993);
 
 Zizka
 
 v.
 
 Water Pollution Control Authority,
 
 195 Conn. 682, 687, 490 A.2d 509 (1985).
 

 Unmistakably, Sachem raised the issue of indemnification from the gas company in its third party complaint in
 
 Skrainski.
 
 The Connecticut Supreme Court has repeatedly recognized “the public policy that ‘a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate.’ ”
 
 Duhaime
 
 v.
 
 American Reserve Life Ins. Co.,
 
 200 Conn. 360, 363-64, 511 A.2d 333 (1986), quoting
 
 In re Juvenile Appeal (83-DE),
 
 190 Conn. 310, 318, 460 A.2d 1277 (1983);
 
 Corey
 
 v.
 
 Avco-Lycoming Division,
 
 163 Conn. 309, 316-17, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973).
 

 Sachem claims that the indemnification it sought in
 
 Skrainski
 
 was different from the claim alleged in the present case. In
 
 Skrainski,
 
 Sachem argues, it sought indemnification as to any judgment recovered against it; in the present case, it seeks damages for having to defend against claims that it alleges would not have arisen but for the gas company’s negligence.
 

 The distinction that Sachem offers between its past and present claims does not affect the applicability of the doctrine of claim preclusion under Connecticut law; the preclusive effect of a prior judgment includes “any
 
 *170
 
 claims relating to the cause of action which were actually made
 
 or might have been made.”
 
 (Emphasis added; internal quotation marks omitted.)
 
 Duhaime
 
 v.
 
 American Reserve Life Ins. Co.,
 
 supra, 200 Conn. 365;
 
 Gagne
 
 v.
 
 Norton,
 
 189 Conn. 29, 32, 453 A.2d 1162 (1983);
 
 Corey
 
 v.
 
 Avco-Lycoming Division,
 
 supra, 163 Conn. 317.
 

 While Sachem may be correct in claiming that it need not have sought indemnification from the gas company in
 
 Skrainski
 
 but could have filed a separate suit seeking indemnification after the resolution of that case; see
 
 Malerba
 
 v.
 
 Cessna Aircraft Co.,
 
 210 Conn. 189, 554 A. 2d 287 (1989); the Supreme Court stated quite clearly in
 
 Malerba
 
 that the option of filing a subsequent claim for indemnification is no longer present after a party has, in fact, expressly put its rights and liabilities as to another defendant at issue in the first action by cross complaint or other adversary pleadings. Id., 197-98. In that situation, failure to assert all theories together in the cross complaint results in preclusion of those claims that could have been raised but were not.
 

 Sachem’s present effort to distinguish its claim against the gas company from the claim made in
 
 Skrainski
 
 is unavailing because, even if such a distinction were made, the doctrine cited above precludes not simply the precise claims made in the earlier litigation, but the claims that could have been made concerning the same occurrence by a party that chose to file a cross complaint. The transaction or occurrence at issue in the present action is the same one at issue in the third party complaint in
 
 Skrainski,
 
 and, if Sachem indeed withheld certain claims or theories in its first action against the gas company, it is nevertheless barred from bringing a subsequent action on the balance of the claims. See 1 Restatement (Second), Judgments § 24 (1992). This court finds that Sachem’s claim is barred by the judgment rendered as to its third party complaint against the gas company in
 
 Skrainski.
 

 
 *171
 
 Because this court has determined that the claim in the present action is barred by the operation of the prior judgment between the parties, it is not necessary to reach the defendant’s assertion that Sachem has failed to state a cognizable claim.
 

 The defendant’s motion for summary judgment is granted.