WILLIAM J. LOIKA ET AL., COADMINISTRATORS (ESTATE OF CHEYENNE I. LOIKA) *v.* AETNA CASUALTY AND SURETY COMPANY ET AL.
(13777)
(13779)

Lavery, Heiman and Schaller, Js.

Argued September 28—decision released November 21, 1995

*Rodd J. Mantell,* with whom, on the brief, was *Eugene A. Cooney,* for the appellant (named defendant).

*Terence A. Zemetis,* with whom, on the brief, was *Thomas Flanagan,* for the appellant (defendant Allstate Insurance Company).

*Robert P. Dutcher,* for the appellees (plaintiffs).

PER CURIAM. The defendants, Aetna Casualty and Surety Company (Aetna) and Allstate Insurance Company (Allstate), appeal from the judgment of the trial court awarding the plaintiffs damages under the underinsured motorist provisions of two automobile insurance policies. The defendants appeal claiming that the trial court improperly (1) allowed the plaintiffs to recover underinsured motorist benefits under the Allstate policy in addition to the liability coverage they had received from Allstate, (2) determined the credits and offsets to be applied against such underinsured motorist coverage, and (3) found that Aetna could not

claim a credit for sums paid to the plaintiffs on behalf of the tortfeasor.

The trial court found the following facts. On April 6, 1990, Cheyenne I. Loika, the plaintiffs' fourteen year old daughter, was fatally injured in a motor vehicle accident in the town of Chester. Loika was a passenger in a pickup truck owned by Rose Benedetto and operated by Joel Cote. The accident occurred when Cote veered off the right side of the road, striking two trees and a utility pole. The impact caused Loika to be thrown from the vehicle, and she died as a result of her injuries.

The plaintiffs initially recovered $20,000 under a liability insurance policy issued to Benedetto by the Hartford Casualty and Indemnity Company. Additionally, the plaintiffs received $100,000 from Allstate under the liability provisions of Cote's policy. Both of those sums were the maximum per person limits under the terms of the respective policies. Allstate also paid a total of $162,992 to four other claimants involved in the accident.

The plaintiffs brought this action to recover additional benefits under the underinsured motorist provisions of their own automobile policy with Aetna, as well as under similar provisions in the Cote policy with Allstate. Both the Aetna policy and the Allstate policy include underinsured motorist coverage totaling $200,000 when stacked.[1] Allstate and Aetna agree that Allstate's underinsured motorist coverage, if applicable, is primary, and Aetna's is excess. The parties stipulated that the plaintiffs' damages were at least $400,000.

---

[1] Stacking refers to the ability of the insured, when covered by more than one insurance policy, to obtain benefits from a second policy on the same claim when recovery from the first policy alone would be inadequate. *Nationwide Ins. Co.* v. *Gode*, 187 Conn. 386, 388 n.2, 446 A.2d 1059 (1982).

The trial court held that Loika was within the class of individuals entitled to underinsured motorist coverage pursuant to § 38a-334-6 (a) of the Regulations of Connecticut State Agencies,[2] and that the applicability of § 38a-334-6 (a) was not displaced by either the express language of the insurance policy or § 38a-334-4 of the Regulations of Connecticut State Agencies.[3] The court found that the amount of the credit due under § 38a-334-6 (d) of the regulations[4] does not include the $162,992 of bodily injury liability benefits paid by Allstate to other individuals involved in the accident. Finally, the trial

[2] Section 38a-334-6 (a) of the Regulations of Connecticut State Agencies provides: "The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle. This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies. 'Uninsured motor vehicle' includes a motor vehicle insured against liability by an insurer that is or becomes insolvent."

[3] Section 38a-334-4 of the Regulations of Connecticut State Agencies provides: "These regulations do not apply to the insurance afforded under any policy: (1) to the extent that the insurance afforded exceeds the limits specified in subsection (a) of § 14-112 of the general statutes and, where applicable, § 38a-365 of the general statutes or (2) if the policy contains an underlying insurance requirement or provides for a retained limit of self-insurance equal to or greater than the limits specified in said subsection (a) of § 14-112 and, where applicable, § 38a-365."

[4] Section 38a-334-6 (d) of the Regulations of Connecticut State Agencies provides: "The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of section 14-112 of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been

"(1) paid by or on behalf of any person responsible for the injury,

"(2) paid or are payable under any workers' compensation or disability benefits law, or

"(3) paid under the policy in settlement of a liability claim. The policy may also provide that any direct indemnity for medical expense paid or payable under the policy or any amount of any basic reparations benefits paid or payable under the policy will reduce the damages which the insured may recover under this coverage and any payment under these coverages shall reduce the company's obligation under the bodily injury liability coverage to the extent of the payment."

court held that Allstate should receive a credit of $120,000 against the $200,000 limits on its underinsured coverage, and that Aetna is not entitled to any credit with respect to the $120,000 paid to the plaintiffs.[5]

An examination of the record, briefs and oral arguments persuades us that the judgment of the trial court should be affirmed. The issues raised on appeal were correctly decided in the trial court's exhaustive memorandum of decision. *Loika* v. *Aetna Casualty & Surety Co.*, 44 Conn. Sup. 59, 667 A.2d 1308 (1994). We adopt the trial court's memorandum of decision because it fully resolves all issues on appeal and it would serve no useful purpose to repeat the discussion contained therein. See *AFSCME, Council 4, Local 681, AFL-CIO* v. *West Haven*, 234 Conn. 217, 661 A.2d 587 (1995).

The judgment is affirmed.

---

[5] The trial court found that Allstate should receive a credit of $100,000, which it paid under the terms of its bodily injury liability coverage, and an additional credit of $20,000 for liability benefits otherwise received by the plaintiffs. By fashioning this result, the court treated Aetna as an excess carrier, which is exactly what it bargained for.