## SACHEM ENTERPRISES *v.* SOUTHERN CONNECTICUT GAS COMPANY ET AL. (14059)

Lavery, Landau and Shea, Js.

Argued January 22—officially released April 23, 1996

*George D. Royster, Jr.*, with whom were *Harris B. Appelman* and, on the brief, *Steven M. Barry*, for the appellant (plaintiff).

*Steven J. Errante*, for the appellee (named defendant).

PER CURIAM. The plaintiff, Sachem Enterprises (Sachem), appeals from the judgment of the trial court granting the defendant's[1] motion for summary judgment. On appeal, Sachem claims that the trial court improperly concluded that the doctrine of res judicata bars its cause of action.[2] We conclude that the trial court properly held that Sachem's cause of action was barred under the doctrine of res judicata.

---

[1] The defendant in this case is Southern Connecticut Gas Company. Harvester Chemicals, Inc., Harold J. Leese Floor Equipment and Supplies Company, Paul Skrainski and Howard Jacobs are third party defendants in this case.

[2] Pursuant to Practice Book § 4013 (a) (1) (A), the defendant submitted alternative grounds on which the judgment of the trial court should be affirmed. The defendant claims that the judgment of the trial court should be affirmed on the grounds that (1) the plaintiff's claim is barred by the doctrine of issue preclusion, (2) the plaintiff failed to plead a legally cognizable claim for indemnification, and (3) the plaintiff's claim is time barred under the applicable statute of limitations.

The following facts were presented to the trial court by way of the pleadings and documents accompanying the defendant's motion for summary judgment. In August, 1983, Paul Skrainski was seriously injured in a fire at 255 Whitney Avenue in New Haven, a building owned by Sachem. In August, 1985, Skrainski brought an action against Sachem for claims arising from a fire in which Skrainski sustained severe burns. In that action, Sachem filed a third party complaint against the defendant alleging that the defendant had mislabeled gas meters, which resulted in the injury to Skrainski. Sachem sought indemnification for any judgment that might be rendered against it, as well as costs, expenses and attorney's fees incurred in the defense of the lawsuit.

In December, 1992, and January, 1993, the Skrainski case was tried to a jury. On January 13, 1993, the trial court, *Gordon, J.*, granted the defendant's motion for a directed verdict as to Sachem's third party claim. On January 19, 1993, the jury returned a verdict in favor of Sachem. Sachem neither moved to open the judgment nor filed an appeal as to the third party claim.

On May 3, 1993, Sachem filed a motion for leave to file an amended indemnity complaint against the defendant. The trial court, *Gordon, J.*, denied the motion. On July 1, 1993, Sachem commenced this action alleging that as a result of the defendant's conduct at issue in the Skrainski case, it unnecessarily incurred attorney's fees, litigation costs, and investigation costs. The defendant moved for summary judgment on the grounds that the complaint fails to state a cause of action, the claim is precluded by prior litigation, and the claim is untimely. The trial court, *Hodgson, J.*, granted the defendant's motion on the ground that Sachem's claim is barred by the judgment rendered as to its third party complaint against the defendant in the Skrainski case. Sachem filed this appeal.

An examination of the record, the briefs and oral arguments by the parties persuades us that the judgment of the trial court should be affirmed. The issue of res judicata was correctly addressed in the trial court's memorandum of decision. *Sachem Enterprises* v. *Southern Connecticut Gas Co.*, 44 Conn. Sup. 163, 674 A.2d 874 (1996). We adopt the trial court's memorandum of decision because it resolves all issues on appeal, and there is no useful purpose served in repeating the discussion contained therein. See *AFSCME, Council 4, Local 681, AFL-CIO* v. *West Haven*, 234 Conn. 217, 661 A.2d 587 (1995); *Loika* v. *Aetna Casualty & Surety Co.*, 39 Conn. App. 714, 667 A.2d 78 (1995), cert. denied, 236 Conn. 902, 670 A.2d 322 (1996).

The judgment is affirmed.