[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DECLARATORY JUDGMENT
CT Page 6192
 INTRODUCTION
The defendant, Metropolitan Property Casualty Insurance Company ("Metropolitan") seeks a declaratory judgment determining the underinsured motorist coverage available under the provisions of the Metropolitan insurance policy at issue. The plaintiff, Leslie Brouker ("Brouker") agrees that the insurance coverage issues should be determined by way of declaratory judgment.
Section 52-29 of the General Statutes authorizes the superior court in any action or proceeding to declare rights and other legal relations on request for such a declaration. Practice Book § 17-54, et seq. provides rules for the application of the declaratory judgment statute. While the issues presented by the motion are generally appropriate for declaratory judgment, there is an unresolved issue of fact that could make the questions moot.[1] The court is mindful that the declaratory judgment statute does not require the court to answer questions that are essentially academic. Swiss Cleaners Inc. v. Danaher,129 Conn. 338, 346 (1942). Given the agreement of the parties, and the high likelihood that the insurance coverage issues will remain after the unresolved question of fact has been decided, the court will render declaratory judgment.
 FACTS
The essential facts are not in dispute. Brouker was involved in a motor vehicle accident with William Gleaton on September 4, 1993. Gleaton was insured by Transamerica with policy limits of $100,000. That policy was exhausted by virtue of the payment of $30,000 to Brouker and the balance to another claimant.
Brouker was covered under a Metropolitan policy listing two vehicles that provided uninsured motorist coverage of $100,000 per person. The policy allows for intrapolicy stacking yielding underinsured motorist coverage of $200,000 less applicable reductions. Brouker has brought this action against Metropolitan to collect damages pursuant to the underinsured motorist coverage.
 ISSUES CT Page 6193
1. What is the appropriate reduction in underinsurance coverage, under the terms of the plaintiff's Metropolitan policy, where the tortfeasor has paid damages to both the plaintiff and another claimant.
2. What is the appropriate method of applying any reduction for damages paid by the tortfeasor.
 DISCUSSION
The two issues concern the interrelated but distinct questions regarding (1) the determination of the amount of any reduction for damages paid by the tortfeasor, and (2) theapplication of any reduction for damages paid by the tortfeasor.
 A. AMOUNT OF REDUCTION
Metropolitan's policy provides that damages payable under the uninsured motorist section "will be reduced by all sums paid . . . by or on behalf of any legally responsible person." In this case, the "legally responsible person" paid $100,000 in total damages, $30,000 of which was paid to Brouker. The question is whether Metropolitan can claim a reduction for the full $100,000 paid to all claimants for all damages or only the $30,000 paid to Brouker.
Metropolitan relies on Allstate Insurance Co. v. Lenda,34 Conn. App. 444 (1994) to support its claim that the full $100,000 should be applied as a reduction. In opposition to this claim, Brouker asserts (1) that Lenda has, in effect, been overruled, and (2) that reducing a plaintiff's ability to recover by amounts a tortfeasor pays to other victims violates public policy in that it exacts a penalty or forfeiture.
In Allstate Insurance Co. v. Lenda, supra, the Appellate Court held that under the terms of the insurance policy in that case, Allstate (the underinsured carrier) was entitled to reduce the amount of underinsured motorist benefits payable to Lenda by all the amounts paid by or on behalf of the tortfeasor to all injured parties both for personal injury and for property damage.Id. at 453. The tortfeasor had $100,000 in liability coverage of which approximately $73,000 had been paid to Lenda for personal injuries. The balance was paid for property damage and another claimant's personal injuries. The Appellate Court held that the arbitrator's decision to allow Allstate a credit for only the CT Page 6194 $73,000 paid to Lenda was incorrect, and that Allstate was entitled to claim the full $100,000 paid by the tortfeasor.
The language involved in the Allstate policy at issue inLenda provided: The limits of this coverage will be reduced by:
 (1) all amounts paid by the owner or operator of the uninsured auto or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other policy. (Emphasis added).
Allstate Insurance Co. v. Lenda, supra, 452.
The Appellate Court focused on the phrase "all amounts paid" and construed that language to authorize a reduction in the limits of coverage for amounts paid to all claimants for all damages. Id., 453.
The language of the Metropolitan policy involved here provides for a reduction for "all sums paid." These words have the same broad reach as the "all amounts paid" language involved in Lenda. Accordingly, under the authority of Lenda, Metropolitan would be entitled to a reduction for the full $100,000 paid by the tortfeasor to all claimants.
Brouker claims that Lenda should not be followed for two reasons. First, that by allowing a reduction to the uninsured motorist coverage for amounts paid to those other than the insured, a forfeiture or penalty would be imposed on the insured Second, that Lenda has been overruled "sub silencio" by Loika v.Aetna Casualty Surety Co., 39 Conn. App. 714 (1995).
Whatever the merits of Brouker's public policy/forfeiture argument, the fact that the Appellate Court has ruled on the issue in Lenda binds this court if Lenda remains controlling precedent. Contrary to Broukers assertion, Loika v. AetnaCasualty Surety Co., supra, did not overrule Lenda sub silencio or otherwise. The per curium opinion in Loika essentially affirmed and adopted the reasoning of the trial court. Id., 717. The trial court's opinion was reported. See Loika v. AetnaCasualty Surety Co., 44 Conn. Sup. 59, 12 CONN. L. RPTR. 8 (1994).
In its opinion, the trial court cited Lenda but ruled that the policy language involved was distinguishable from the CT Page 6195 language in Lenda.[2] The trial court ruled that the underinsured carriers could not receive a credit for the amounts paid to all claimants, but only for amounts paid to the plaintiff. Loika, supra, 44 Conn. Sup. at 69, 12 CONN. L. RPTR. 8 . This decision was not based on the trial court overruling Lenda, but rather on its view that the policy language was not as broad as that involved in Lenda and therefore the reduction was restricted to sums paid to the plaintiff. Id. at 68. The Appellate Court decision did no more than affirm the trial courts interpretation that the policy language brought the case outside the reach of Lenda.
Since the policy language in the Metropolitan policy at issue here is virtually identical to the language construed inLenda, the court concludes that Metropolitan is entitled to a reduction for all sums paid to all claimants. In this case that amounts to $100,000.
 Application of the Reduction
Metropolitan claims that the $100,000 reduction should be applied to the actual damages sustained by Brouker as opposed to the policy limit. In this case, given the parties stipulation that, for purposes of this motion, Brouker's damages are $100,000, Metropolitan's position would result in no recovery by Brouker. Metropolitan relies on the policy language that states:
 "Any amount payable for damages under this section will be reduced by all sums paid:
(a) by or on behalf of any legally responsible person."
Metropolitan asserts that the language "any amount payable for damages" allows for a setoff against the claimant's damages as opposed to reducing coverage limits.
An insurance policy may not reduce its liability for underinsured motorist coverage except as authorized by statute or regulations. Streitweiser v. Middlesex Mutual Assurance Co.,219 Conn. 371, 377 (1991).
Section 38-334-6 (d) of the Regulations of Connecticut State Agencies provides in part:
 The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified CT Page 6196 in subsection (a) of section 14-112 of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been:
 (1) paid by or on behalf of any person responsible for the injury . . .
This regulation only authorizes a reduction of policy limits
and not a setoff for damages.
Accordingly, the reduction in the Metropolitan policy for sums paid by the tortfeasor applies to the limits of coverage and not to the gross damages of the plaintiff. See AllstateInsurance Co. v. Lenda, supra, 453 (the phrase "all amounts paid" is exceptionally broad and unrestricted regarding the types of damages that may be used to reduce the limits of coverage).
 CONCLUSION
Since Allstate Insurance Co. v. Lenda, supra remains good law and the language in this case is indistinguishable from that construed in Lenda, Metropolitan is entitled to reduce the limits of its underinsured coverage by the $100,000 paid to all claimants by or on behalf of the tortfeasor. Since the total underinsured coverage is $200,000, the application of this reduction leaves $100,000 available to cover Brouker's damages. In addition, Metropolitan is entitled to a credit for the $30,000 already paid by the tortfeasor to Brouker to the extent such a credit is necessary to prevent duplicate payment of damages. See General Statutes § 38a-335 (c); United States Fidelity Guaranty Co. v. Pitruzzello, 35 Conn. App. 638, 645 (1994).
So Ordered at Hartford, Connecticut this 6th day of May, 1998.
Robert J. Devlin, Jr., J.