VIRGINIA GAGNE *v.* NICHOLAS NORTON,
COMMISSIONER OF WELFARE
(10185)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued October 12, 1982—decision released January 11, 1983

*David C. Shaw,* for the appellant (plaintiff).

*Paul J. Bakulski,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (state).

PARSKEY, J. The plaintiff was a recipient of Aid to Families with Dependent Children (hereinafter AFDC) funds. The commissioner of welfare, in order to encourage the employment of recipients, allowed the deduction from an AFDC applicant's income of certain work-related expenses in the computation of the amount of assistance available to an eligible recipient. The plaintiff, believing that the meal and transportation allowances of fifty cents per working day and six cents per mile respectively, were inadequate, requested a fair hearing pursuant to General Statutes §§ 17-2a and 17-2b. The fair hearing officer found against the plaintiff, upholding the amount allowed the plaintiff for lunches and transportation.

Thereafter, the plaintiff appealed the fair hearing decision to the Circuit Court. Furthermore, in January, 1975, the plaintiff instituted an action in the United States District Court for the District of Connecticut on behalf of herself and all other working AFDC recipients who had been harmed by the commissioner's work-expense policies. The plaintiff requested injunctive and declaratory relief as well as a retroactive monetary award.

Subsequently, settlement negotiations were commenced, and, on March 2, 1977, a consent decree was entered in the federal case. The consent decree, inter alia, granted the plaintiff and the class of persons she represented an increase in transportation expenses effective March 1, 1977, abrogated limits on work-related expenses available to recipients and provided for procedures designed to inform

recipients of their right to claim deductions in excess of the defendant's standards. No monetary relief was awarded for the period prior to March 1, 1977, nor was any reservation expressed in the decree concerning the plaintiff's claim for retroactive monetary benefits.

On January 9, 1980, the Superior Court,[1] *Kinney, J.*, ruled that the plaintiff's state claim for relief via the administrative appeal was barred by operation of the doctrine of res judicata and dismissed the appeal. The court noted that the factual claims made by the plaintiff in the state action were substantially identical to those made in the federal action and that the factual basis for the relief sought was the same. The court ruled that the plaintiff could not split her cause of action and obtain relief in two separate proceedings where the first action was brought in a court of limited jurisdiction. From this judgment the plaintiff has appealed.

The central issue in this appeal is whether, as a result of a consent decree entered in the United States District Court, the plaintiff is precluded from pursuing in the Superior Court her appeal from the decision of the commissioner of welfare (now commissioner of income maintenance). The trial court held that the plaintiff was so precluded.

Consent decrees and orders have attributes both of judicial decrees and of contracts. A valid judgment or decree entered by agreement or consent operates as res judicata to the same extent as a judgment or decree rendered after answer and contest.

---

[1] On December 31, 1974, the Circuit Court was merged into the Court of Common Pleas. Public Acts 1974, No. 74-183, § 1. On July 1, 1978, the jurisdiction of the Court of Common Pleas was transferred to the Superior Court. General Statutes § 51-164s.

Annot., 2 A.L.R.2d 514. The principle of res judicata as applied to their decretal aspects may be simply stated. "A final judgment on the merits is conclusive on the parties in an action and their privies as to the cause of action involved. If the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made." *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973). The theory underlying preclusion is merger. The original claim, as a result of being merged in the judgment, is extinguished and rights upon the judgment are substituted for it. *Fisher Brown & Co.* v. *Fielding,* 67 Conn. 91, 118–19, 34 A. 714 (1895) (*Hamersley, J.,* dissenting); 1 Restatement (Second), Judgments § 18, comment a. It follows that ordinarily a plaintiff cannot split his cause of action. He cannot sue for part of his claim in one action and then sue for the balance in another action. *Viall* v. *Lionel Mfg. Co.,* 90 Conn. 694, 699, 98 A. 329 (1916). Nor can he pursue a second action for monetary damages after securing injunctive relief in a suit arising out of the same cause of action. *Bayer* v. *Bloch Real Estate Improvement Co.,* 246 Ill. App. 416 (1927).

This plaintiff, however, claims an exception. It is her contention that preclusion assumes that the court in the first action had jurisdiction to afford the plaintiff all remedies suitable to the case. If such jurisdiction is lacking, she argues, it is unfair to preclude a plaintiff from presenting in a second action those phases of the claim which she was disabled from presenting in the first. *International Railways of Central America* v. *United Fruit Co.,*

373 F.2d 408, 417–19 (2d Cir.), cert. denied, 387 U.S. 921, 87 S. Ct. 2031, 18 L. Ed. 2d 975 (1967); *Rios* v. *Marshall,* 530 F. Sup. 351 (S.D.N.Y. 1981); 1 Restatement (Second), Judgments § 26, comment c.

In this case the plaintiff brought suit in the federal court seeking declaratory and injunctive relief. She also claimed retroactive monetary relief. Under the eleventh amendment to the constitution of the United States a state may not, without its consent, be sued in a federal court for money damages. *Edelman* v. *Jordan,* 415 U.S. 651, 662–63, 94 S. Ct. 1347, 39 L. Ed. 2d 662, reh. denied, 416 U.S. 1000, 94 S. Ct. 2414, 40 L. Ed. 2d 777 (1974). This constitutional bar applies whether suit is brought directly against the state or by an action against state officials but in which the state is the real, substantial party in interest. Id., 663; *Ford Motor Co.* v. *Department of Treasury,* 323 U.S. 459, 464, 65 S. Ct. 347, 89 L. Ed. 389 (1945). Thus, irrespective of the plaintiff's claims for relief, the district court was powerless to award her any amount of monetary relief. It is the plaintiff's further claim that since the preclusive effects of res judicata and collateral estoppel depend upon the existence of a valid, final judgment on the merits by a court of competent jurisdiction; *Slattery* v. *Maykut,* 176 Conn. 147, 157, 405 A.2d 76 (1978); *Corey* v. *Avco-Lycoming Division,* supra, 317; and since she was barred from pursuing all her claims for relief in the federal court because that court lacked jurisdiction to afford her such relief, she should not be barred from pursuing her additional claim for monetary relief in the state court. While the plaintiff's contention is interesting, we nevertheless agree with the ultimate

result reached by the trial court but we do so by a different route which does not require us to decide whether the federal judgment qua judgment operates as res judicata or as a collateral estoppel to preclude further state proceedings.

A consent decree, although enforceable like any other judicial decree, is not a judicial determination of any litigated right. *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). "It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." Id.

Because a consent decree represents a settlement of the controversy by the parties thereto it is usually presumed that the parties intended to settle all aspects of the controversy, including all issues raised by the papers comprising the record. *Herring* v. *Queen City Coach Co.,* 234 N.C. 51, 65 S.E.2d 505 (1951); James, "Consent Judgments as Collateral Estoppel," 108 Penn. L. Rev. 173 (1959); note, "The Consent Judgment as an Instrument of Compromise and Settlement," 72 Harv. L. Rev. 1314, 1319 (1959). In this case, for example, the plaintiff claimed retroactive monetary relief in the federal suit. The fact that the federal court may have lacked jurisdiction to award such relief did not prevent the parties from agreeing to settle all their differences on the basis of the consent decree. *McCook* v. *Beck,* 138 Ga. App. 351, 352, 226 S.E.2d 72 (1976).

If the federal decree was intended by the parties to dispose only of those matters within the competence of the federal court rather than the entire

controversy, then extrinsic evidence could have been offered to show the true scope of the agreement. *Boettcher Oil & Gas Co.* v. *Westmoland,* 189 Okla. 110, 113 P.2d 824 (1941). In the absence of such evidence the trial court was justified in concluding that it was the intention of the parties to resolve the entire controversy by the entry of the consent decree. It is apparent from the record, including the court's judgment, that the trial court resolved the factual issue underlying the res judicata defense in favor of the defendant. Not only does this conclusion stand unchallenged, but also we may assume from the failure of the plaintiff to file a transcript that no countervailing extrinsic evidence was offered. See *Coveney* v. *Nicoletti,* 168 Conn. 184, 190, 362 A.2d 937 (1975).

There is no error.

In this opinion the other judges concurred.