[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#113)
This is an action by the plaintiff, 129 Main Street North Partnership to foreclose a judgment lien on property belonging to the defendant, Patricia Tunsky. The defendant claims the following by way of special defense:
FIRST SPECIAL DEFENSE
Defendant, knowing that plaintiff was and is not a resident of the State of Connecticut, commenced this action and any underlying action without proper service of process.
Lacking jurisdiction, this court is without jurisdiction to hear the matter in caption and is without power to enter a judgment of foreclosure on the underlying claim.
SECOND SPECIAL DEFENSE
The plaintiff, either by mistake for fraud upon this court, through its affidavit, has alleged a debt due it from defendant Tunsky. Notwithstanding its affidavit, plaintiff knowingly absolved the defendant Tunsky in writing of personal liability on the lease between it and the defendant Tunsky/Reeves, Ltd., and thereafter obtained a judgment which forms the basis of its complaint herein.
The plaintiff moves to strike the special defenses for the following reasons:
1. The defendant's first special defense is legally insufficient because the defense alleges lack of personal jurisdiction and absent a timely motion to dismiss. The defendant has waived the alleged lack of personal jurisdiction.
2. The defendant's second special defense which alleges the existence of a writing absolving the defendant of personal liability with reference to the underlying lease, is untimely as it should have been raised in the earlier action which sounded in breach of lease based upon a failure to pay monthly charges.
The plaintiff's complaint alleges the following facts: The plaintiff commenced an action against the defendant by writ dated August 31, 1988, claiming damages in an amount less than $7,500.00 and caused an attachment in the amount of $5,000.00 to be placed on the defendant's premises. On August 2, 1989, the plaintiff obtained a judgment against the defendant in the amount of $4,943.40 plus costs is the amount of $214.10. On September 15, 1989, the plaintiff caused a judgment lien CT Page 7589 to be placed on the property of the defendant. On December 27, 1989, the plaintiff filed the present foreclosure action to foreclose the judgment lien described above.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The facts alleged are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). In ruling on a motion to strike the court is limited to the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
The plaintiff argues that the defendant's first special defense is legally insufficient because a timely motion to dismiss is the proper vehicle to raise a lack of personal jurisdiction.
A motion to dismiss is the proper vehicle by which to contest lack of jurisdiction over the person and insufficiency of process. Conn. Practice Bk. 143(2)(4). "Any defendant wishing to contest the court's jurisdiction may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Conn. Practice Bk. 142.
In addition, the proper way to assert disputed jurisdictional facts in a case which has gone to judgment is by way of a motion to open the judgment, Conn. Practice Bk. 377. This section provides in relevant part that:
 Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as to the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause or that a food cause of action or defense in whole or in part existed at the time of the rendition of such judgment passage of such decree, and that the plaintiff of the defendant was prevented by mistake, accident or other reasonable case from prosecuting or appearing to make the same. . . .
Accordingly, the defendant has waived the right to contest the court's alleged lack of personal jurisdiction over her by failing to file a motion to dismiss either in the previous action or in the present action. Moreover, the proper vehicle for the defendant to contest the validity of a prior judgment was by a motion to open judgment pursuant to Conn. Practice Bk. 377. Therefore, the plaintiff's motion to strike the defendant's first special defense is granted.
The plaintiff next claims that the defendant's second special defense is improper because it purports to be an attack on the prior action in which plaintiff obtained a final judgment. CT Page 7590
"A valid judgment or decree entered by agreement or consent operates as res judicata to the same extent as a judgment or decree rendered after answer and contest." Gagne v. Norton, 189 Conn. 29,31 (1983). "The original claim, as a result of being merged in the judgment, is extinguished and rights upon the judgment are substituted for it." Id. at 32. The theory underlying precision is merger. Id.
The defendant may not raise matters by way of special defense, which should have been raised in the previous action. Accordingly, the plaintiff's motion to strike the defendant's second special defense is also granted.
PICKETT, J.