[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE STIPULATED JUDGMENT
The court entered a judgment by stipulation between the plaintiff and the defendants, Olf Veldhuis and Lydia B. Veldhuis (hereafter called the "defendants"), on January 21, 1992. The stipulated judgment was based on an agreement between the parties recited in court. The material part of the agreement was that a judgment of strict foreclosure would enter with a law day of February 21, 1992, and that there would be no motions to reopen the judgment or any appeals from it. The defendants also agreed to execute a release and withdrawal as to claims against First Constitution Bank in the case of Veldhuis v. First Constitution Bank, CV90-0300575S. The defendants were to vacate the property by February 21, 1992. The plaintiff bank agreed to waive any deficiency judgment against the defendants and to cooperate with them to contact credit bureaus to clear up credit. The defendants filed a motion on February 18, 1992 to set aside the judgment on the following grounds: (1) there was an absence of consent to it; (2) the judgment was obtained by fraud; (3) the judgment was obtained by duress; and (4) the judgment was obtained by a mutual mistake.
When the parties to a law suit voluntarily enter into a stipulated judgment, such judgment is as conclusive as if it had been rendered upon contested facts. Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 48. A stipulated judgment operates as res judicata to the same extent as a judgment after a contested trial. Id., 49; Gagne v. Norton, 189 Conn. 29, 31. The terms of a stipulated CT Page 4863 judgment cannot be extended beyond the agreement entered into, and it is presumed that the parties intended to settle all aspects of the controversy, including all issues raised by the papers comprising the record. Connecticut Water Co. v. Beausoleil, supra, 49; Gagne v. Norton, supra, 34. However, a judgment entered based upon a stipulation can be opened if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent, or by mutual mistake. Kenworthy v. Kenworthy,180 Conn. 129, 131.
The defendants offered evidence in support of their motion. The claim of lack of consent was not proven by a preponderance of the evidence. After discuss ions on January 21, 1992, the parties stated their agreement in court and assented to it. It is clear to the court that the parties agreed to the terms of the stipulation and judgment, as they acknowledged in open court, and apparently now have second thoughts about the agreement. That is not a valid reason for vacating the judgment.
In order to set aside a judgment for fraud, the moving party must show: (1) there was no unreasonable delay after the fraud was discovered; (2) there was diligence in trying to discover and expose the fraud; (3) there must be clear proof of the per jury or fraud; and (4) there must be a substantial likelihood that the result of the new trial will be different. Varley v. Varley, 180 Conn. 1, 4. Fraud must be proven by clear, precise and unequivocal evidence. Alaimo v. Royer, 188 Conn. 36, 39. The defendants' main complaint is that the plaintiff bank intentionally failed to disclose to them the fact that it had a written appraisal of the subject property. The judgment will not be set aside on grounds of fraud because the standard of proof and elements of fraud have not been met. The failure to produce the appraisal is not sufficiently material to the essential components of the agreement of the parties. It should be noted, among other things, that the debt on January 21, 1992 exceeded $450,000.00 which was well in excess of the fair market value which the court found to be $310,000.00.
A stipulation for judgment is a contract. In order to set aside a contract on grounds of mistake, it must be shown that it was entered into as a result of mutual mistake or a mistake of one party coupled with actual or constructive fraud or inequitable conduct on the part of the other party. Lopinto v. Haines, 185 Conn. 527, 531. There is no proof here of actual or constructive fraud or inequitable conduct on the part of the bank. The decision to enter into an agreement settling the litigation between the parties was CT Page 4864 initiated by the defendants. The bank gave up material rights, including a claim to a deficiency judgment of approximately $140,000.00. In order for a mutual mistake to exist, the agreement must accomplish a result which neither party intended. Id., 532. There was no mistake here on the part of the plaintiff bank. It correctly understood the agreement and intends to carry it out.
In order for the defense of duress to be successful, there must be a threat to the defendant which is extreme, and the conduct of the demanding party must be wrongful. Where a party insists on payment which he believes he is entitled to receive, unless that belief is without any reasonable ground, his conduct is not wrongful and does not constitute duress. Second New Haven Bank v. Quinn, 1 Conn. App. 78, 82; Weiner v. Minor, 124 Conn. 92, 95. Payment under protest to get out of a difficult problem does not amount to duress. Crittenden v. Royce, 100 Conn. 617, 621; Smedley Co. v. Lansing, 35 Conn. Sup. 578, 580.
The mistaken belief, if any, of the defendants as to the legal aspects of their agreement with the bank does not allow them to cancel or renegotiate the agreement. If the concern is that the bank will not carry out its part of the agreement, the defendants have as much right as the plaintiff to insist upon the terms previously agreed to.
To summarize, the evidence presented does not establish the right to set aside the judgment of strict foreclosure for any of the reasons claimed by the defendants. In addition, title vested in the plaintiff on February 21, 1992 based on the judgment of strict foreclosure on January 21, 1992. Since that date has passed, the court does not have the legal authority to open the judgment. Barclays Bank of New York v. Ivler, 20 Conn. App. 163, 166, 167. The motion to set aside the judgment is denied.
FULLER, JUDGE