[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant is an attorney at law who represented the plaintiff in a criminal matter. The defendant claimed his fees were not paid and sued the plaintiff in Superior Court. The plaintiff was represented by other counsel in that matter and he filed an answer, special defense and counterclaim. The counterclaim consisted of two counts and claimed malpractice. The counterclaim was withdrawn and judgment was rendered in favor of the defendant after a hearing in damages to a jury. The plaintiff then at a later date commenced the present action which is in two counts and like the counterclaim alleges the defendant committed malpractice in representing the plaintiff in the criminal action.
The defendant now claims that the issues in this case have already been determined in the prior action where he sued for failure of the plaintiff to pay his fee. He claims res judicata applies and that this former judgment bars a subsequent action involving claims relating to that cause of action which were actually made or which might have been made. He cites several cases standing for this proposition, Orselet v. DeMatteo, 206 Conn. 542, 545
CT Page 9513 (1988), Gagne v. Norton, 189 Conn. 29, 32 (1983). Lehto v.Sproul, 9 Conn. App. 441 and Schiff v. Williams, #267512, J.D. New Haven (2/7/91).
The cases cited by the plaintiff are not on point; they involve separate suits by the same party and stand for the simple proposition "that ordinarily a plaintiff cannot split his [sic] cause of action. He [sic] cannot sue for part of his [sic] claim in one action and then sue for the balance in another action", Gagne v. Norton, 189 Conn. at page 32. It is in that context that when courts speak of the doctrine of res judicata they say a party shouldn't be allowed to relitigate a matter which it has had a chance to litigate, Orselet v. DeMatteo, 206 Conn. at p. 545. This does not mean that a party initially sued may not after resolution of that case be precluded in certain circumstances from bringing suit against the original plaintiff. As noted in the Restatement of Judgments 2d, § 22 p. 185.
 (2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded after the rendition of judgment in that action from maintaining an action on the claim if: (a) the counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court.
But we live for better or worse in a so-called permissive counterclaim state, see P.B. 116, so that the plaintiff's claim is not barred by the doctrine of res judicata. In other words it is fair to say to a plaintiff that if you bring suit on a claim and force a defendant thereby into court and litigate that claim, we won't allow you to bring another suit against the same party on an aspect of the claim that could have been litigated in the first suit. It is quite another thing to say to a defendant who is forced to litigate not by his own choosing that you must bring any counterclaim you could have brought against the plaintiff (in the forum and at the time the latter has chosen) or be forever barred from bringing that claim. That wouldn't be fair. Even compulsory counterclaim rules are enacted to expedite the court's CT Page 9514 handling of cases not for the benefit of plaintiffs. In any event we don't have such a rule and I won't in effect create one by granting the motion for summary judgment here.
Schiff v. Williams, supra is a collateral estoppel case. That doctrine applies only if an issue has actually been decided in prior litigation and the decision was necessary to the judgment, Virgo v. Lyons, 209 Conn. 497,502 (1988). That can't be said here on the basis of the documents and affidavits submitted to the court. The motion for summary judgment is denied.
Corradino, J.