[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION
On May 25, 1999, the Department of Children and Families (DCF) filed a petition to terminate the parental rights of the respondent mother, Laureen C., and the respondent father, Edward S., to their daughter, Aubrey S. The grounds of the petition, as amended, were (1) failure to rehabilitate, (2) lack of any ongoing parent-child relationship, (3) abandonment and (4) denial by reason of acts of omission and commission of the care, guidance or control necessary for the child's physical, educational, moral or emotional well-being. The mother consented to the termination. The father did not.
The petition was tried to the court on October 16, 2000. On October 17, 2000, the court filed findings in which it granted the petition, finding that each ground for termination had been proven with the exception of failure to rehabilitate. With respect to that ground the court found: "The court is unable to find that the respondent failed to rehabilitate, despite the overwhelming evidence of this in the lay sense, because he never was `provided specific steps to take to facilitate the return of the child to the parent pursuant to section46b-129. . . .'"
On November 6, 2000, DCF moved for reconsideration of the court's finding that it had not proven the ground of failure to rehabilitate, on January 12, 2001, that motion was heard by the court. The motion is now granted.
Prior to 1998, General Statutes § 17a-112(c) provided in relevant part: "The superior court . . . may grant [a termination] petition if it finds, upon clear and convincing evidence, that the termination is in the best interest of the child and that . . . the parent of a child who has been found by the superior court to has been neglected or uncared for in a prior proceeding has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child
"In 1998, the legislature amended § 17a-112(c)(3)(2) inP.A. 98-241, § 8." In re Sarah Ann K., 57 Conn. App. 441, 444, ___ A.2d ___ (2000). The statute now provides, in relevant part: "The Superior Court . . . may grant a [termination] petition . . . if it finds by clear and convincing evidence . . . (3) . . . (B) the parent of a child who (1) has been found by the Superior Court to have been neglected or uncared CT Page 1002 for in a prior proceeding, or (2) is found to be neglected or uncared forand has been in the custody of the commissioner for at least fifteenmonths and such parent has been provided specific steps to take tofacilitate the return of the child to the parent pursuant to section46b-129 and has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child. . . ." (Emphasis added.)
As a result of P.A. 98-241, § 8, ground "B" of § 17a-112(c)(3) now addresses two distinct situations, one in which there has been a prior adjudication of neglect or uncared for and another in which there has not. Where there has been a prior adjudication, the statute does not require that the parent be provided specific steps to take to facilitate the return of the child before a termination petition may be granted." Inre Sarah Ann K., supra, 57 Conn. App. 445. Where there has not been such an adjudication, such steps are required.
"Specific steps the parent may take to facilitate the return of the child were required to have been provided to the respondent in the prior neglect proceeding pursuant to General Statutes (Rev. to 1997) §46b-129(b). See In re Shyliesh H., 56 Conn. App. 167, 179, 743 A.2d 165
(1999)." In re Sarah Ann K., supra, 57 Conn. App. 445. It does not appear that such efforts were provided to the respondent in the prior neglect proceeding. However, there was an adjudication of neglect in that proceeding based on a plea of no contest. The respondents never moved to have that adjudication set aside. It is, therefore, res judicata. "A valid judgment . . . entered by agreement or consent operates as res judicata to the same extent as a judgment or decree rendered after answer and contest. . . ." Gagne v. Norton, 189 Conn. 29, 31-32, 453 A.2d 1162
(1983).
Since the "failure to rehabilitate" portion of this proceeding was brought pursuant to that part of § 17a-112(c)(3)(B) that is based on a prior adjudication of neglect or uncared for, the petitioner was not required to prove that the Laureen was provided with specific steps to take to facilitate the return of Aubrey before the petition could be granted. In re Sarah Ann K., supra, 57 Conn. App. 445. This court was mistaken in holding otherwise.
As stated in the court's earlier memorandum, there is an abundance of evidence that the respondent had failed to rehabilitate. The court finds by clear and convincing evidence that the respondent "has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of CT Page 1003 the child."
The court already has determined that it is in Aubrey's best interests that her parents' parental rights be terminated, and the court has terminated those rights on other grounds. Therefore, motion for reconsideration is granted, and the prior findings of the court are modified only to the extent stated herein.
BY THE COURT
Bruce L. LevinJudge of the Superior Court