## STEVEN WALLERSTEIN *v.* STEW LEONARD'S DAIRY
## (SC 16459)

Sullivan, C. J., and Borden, Norcott, Vertefeuille and Zarella, Js.

Argued March 14—officially released October 9, 2001

*David S. Golub*, with whom, on the brief, was *Brad C. Gustafson*, for the appellant (plaintiff).

*Royce Vehslage*, with whom, on the brief, was *Robert M. LaRose*, for the appellee (defendant).

*Opinion*

NORCOTT, J. The dispositive issue in this products liability case is whether, after the defendant, Stew Leonard's Dairy, had made an offer of judgment pursuant to General Statutes § 52-193[1] and the plaintiff, Steven Wallerstein, had accepted the offer pursuant to General Statutes § 52-194,[2] the plaintiff was the prevailing party and was entitled to an award of attorneys' fees pursuant to General Statutes § 52-240a.[3] We conclude that the plaintiff was the prevailing party. We also conclude that the case must be remanded to the trial court for a hearing in order to determine whether the defense presented by the defendant was frivolous and, accordingly, if the plaintiff is entitled to an award of attorneys' fees.

The plaintiff made the following allegations in his complaint. This products liability action arose in Janu-

[1] General Statutes § 52-193 provides: "In any action on contract, or seeking the recovery of money damages, whether or not other relief is sought, the defendant may before trial file with the clerk of the court a written notice signed by him or his attorney, directed to the plaintiff or his attorney, offering to allow the plaintiff to take judgment for the sum named in such notice."

[2] General Statutes § 52-194 provides in relevant part: "In any action, the plaintiff may, within ten days after being notified by the defendant of the filing of an offer of judgment, file with the clerk of the court a written acceptance of the offer signed by himself or his attorney. Upon the filing of the written acceptance, the court shall render judgment against the defendant as upon default for the sum so named and for the costs accrued at the time of the defendant's giving the plaintiff notice of the offer. . . ."

[3] General Statutes § 52-240a provides: "If the court determines that the claim or defense is frivolous, the court may award reasonable attorney's fees to the prevailing party in a products liability action."

ary, 1995, when the plaintiff's wife bought a package of rolls that was baked and sold on the defendant's premises. The plaintiff allegedly bit into one of the rolls, which had a metal screw embedded in it. As a result, he allegedly fractured several teeth, damaged certain nerves and had to undergo extensive dental procedures. The defendant denied liability, asserting no special defenses, and claimed its right to a jury trial.

In January, 1999, the trial court scheduled the case for trial. One week before the trial was scheduled to begin, the defendant filed an offer of judgment pursuant to § 52-193 in the amount of $15,000. The plaintiff timely filed an acceptance of the defendant's offer pursuant to § 52-194. Thereafter, on February 4, 2000, the court endorsed, in writing, at the bottom of the plaintiff's acceptance, "[j]udgment may enter in accord with this acceptance of offer for $15,000," and, on the same date issued the following written order: "The court hereby enters judgment in accordance with the acceptance of offer for $15,000."

The plaintiff then filed a motion to amend the judgment to include an award of attorneys' fees pursuant to § 52-240a. See footnote 3 of this opinion. He claimed that he was a prevailing party in a products liability action and that the defendant's denial of liability was frivolous. The defendant objected, claiming only that an evidentiary hearing was required before the court could determine whether its claim was frivolous. Although the defendant had not made such a claim, the trial court nonetheless ruled, as a matter of law, that a plaintiff who accepts an offer of judgment cannot seek attorneys' fees under § 52-240a. In its ruling, the trial court stated: "The offer of judgment was made by pleading no. 110 dated 1/10/00 [and] filed 1/12/00. The offer was accepted by pleading no. 114 dated 1/21/00

and filed 1/21/00. [General Statutes §] 52-192[4] is self-executing. It requires no court action. In this district we enter an order of judgment although we deem it unnecessary. In any event, if the plaintiff wanted attorneys' fees, then [he] should not have accepted the offer. The court finds the acceptance to conform with the offer. Fifteen thousand dollars is fifteen thousand dollars, not fifteen thousand dollars plus attorneys' fees."

Thereafter, the court rendered judgment for the plaintiff in the amount of $15,000, specifically noting "the judgment of February 4, 2000, shall stand, unmodified." The plaintiff appealed to the Appellate Court from the judgment of the trial court, challenging the ruling denying him attorneys' fees pursuant to § 52-240a. We transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. We reverse the trial court's judgment insofar as it precluded an award of attorneys' fees.

The plaintiff claims that he was a "prevailing party" under § 52-240a because he secured a judgment against the defendant and, therefore, that he was entitled to seek an award of attorneys' fees. The defendant claims, to the contrary, that the offer of judgment statutes do not contemplate an attorneys' fees proceeding under § 52-240a and, therefore, that in order for the plaintiff to have been a "prevailing party" within the meaning of that statute, he must have prevailed by securing a favorable verdict after a trial. We agree with the plaintiff.

Our task is to construe the meaning of §§ 52-194 and 52-240a. "Statutory interpretation is a matter of law over which this court's review is plenary. . . . In construing statutes, [o]ur fundamental objective is to ascertain and

---

[4] The trial court referred to General Statutes § 52-192, which governs the precedence of certain civil actions in order of trial, instead of § 52-194, the statute at issue here. We assume that this reference was an inadvertent clerical error.

give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Doyle* v. *Metropolitan Property & Casualty Ins. Co.*, 252 Conn. 79, 84, 743 A.2d 156 (1999).

First, the language of § 52-194 unambiguously provides that the written acceptance of a party's offer of judgment must result in the court's rendering of judgment against the defendant. "Upon the filing of the written acceptance [of the defendant's filed offer of judgment], the court *shall* render judgment against the defendant as upon default for the sum so named and for the costs accrued at the time of the defendant's giving the plaintiff notice of the offer. . . ." (Emphasis added.) General Statutes § 52-194. Thus, contrary to the trial court's assertion that § 52-194 "is self-executing . . . [and] requires no court action," the statute mandates a formal rendition of judgment by the court following the acceptance of an offer of judgment. Consequently, judgment in the amount of $15,000 was rendered by the court in favor of the plaintiff.

Pursuant to the statute, the plaintiff was the prevailing party of record because a judgment had been ordered in his favor. Insofar as the language of the statute is concerned, it is difficult to see why one who has secured a judgment of the court in his favor should not be viewed as a party who has prevailed in the action in question, irrespective of the route by which he received that judgment. Indeed, "prevailing party" has been defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . . Also termed 'successful party.' "

Black's Law Dictionary (7th Ed. 1999). Moreover, the United States Supreme Court has determined, in construing the attorneys' fees provision of the Fair Housing Amendments Act; 42 U.S.C. § 3613 (c) (2); and the Americans with Disabilities Act; 42 U.S.C. § 12205; that the term "prevailing party" is a "legal term of art . . . [referring to] one who has been awarded some relief by the court . . . ." *Buckhannon Board & Care Home, Inc.* v. *West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). Other courts have held that, under various federal fee shifting statutes, the term "prevailing party" includes a plaintiff who has secured "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"; *Farrar* v. *Hobby*, 506 U.S. 103, 111–12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992); including a consent decree; *Maher* v. *Gagne*, 448 U.S. 122, 129, 100 S. Ct. 2570, 65 L. Ed. 2d 653 (1980); and specifically including the acceptance of an offer of a monetary judgment, and the consequent entry of judgment by the court, under rule 68 of the Federal Rules of Civil Procedure. *Lyte* v. *Sara Lee Corp.*, 950 F.2d 101, 102 (2d Cir. 1991); see also *Weyel* v. *Catania*, 52 Conn. App. 292, 301, 728 A.2d 512, cert. denied, 248 Conn. 922, 733 A.2d 846 (1999) (plaintiff who prevailed at trial is prevailing party under federal Civil Rights Act). Indeed, the defendant has not cited any authority limiting the term "prevailing party" under a fee shifting statute to one who prevailed following a trial.

Furthermore, our conclusion that § 52-240a permits attorneys' fees to be awarded following the acceptance of an offer of judgment under § 52-194 is consistent with the policy of § 52-240a. The purpose of the statute is to discourage frivolous claims and defenses in products liability actions by awarding attorneys' fees to the

prevailing party in such cases. This conclusion will further that policy by discouraging a defendant in a products liability action from asserting a frivolous defense, thereby requiring the plaintiff to accrue additional expenses, only to make a reasonable offer of judgment immediately prior to the onset of trial. Conversely, a contrary conclusion could serve as a disincentive to the acceptance of what otherwise would be a satisfactory offer of judgment, because it would mean that the plaintiff, as a matter of law, would be required to forfeit what he might regard as a legitimate claim for attorneys' fees.

We need not decide, in the present case, whether the term "prevailing party" contained in § 52-240a also includes a settlement of a dispute that is not reflected by the rendition of a judgment or other judicial order. We decide only that where, as in the present case, the plaintiff accepts an offer of judgment that the court then renders, he is the "prevailing party" under § 52-240a.

Furthermore, we do not preclude the fashioning of an offer of judgment that specifically rules out an award of attorneys' fees. Certainly, a defendant is free to make such an offer of judgment and a plaintiff is free to accept it. We conclude, however, that unless a party fashions its offer of judgment explicitly to preclude an award of attorneys' fees, the court may not read such a preclusion into the offer. In the present case, the defendant was silent as to the issue of attorneys' fees in its offer of $15,000 to the plaintiff. The defendant, in fact, never made the claim that the plaintiff was not legally entitled to such an award if he was the prevailing party. Therefore, we cannot read the offer of judgment so as to have precluded a subsequent award of attorneys' fees.[5]

---

[5] The dissent first asserts that the principal issue in the present case is whether the trial court abused its discretion in denying the plaintiff's motion to open the judgment, and that there was no abuse. Although it is ordinarily true that our review of a trial court's decision whether to open a stipulated judgment is limited to a determination of whether the trial court abused its

Finally, we note that, at oral argument before this court, the plaintiff conceded that, if he prevailed on his first claim, namely, that he was a "prevailing party" within the meaning of § 52-240a, the case would have to be remanded for a hearing on his claim that the defendant's defense was frivolous. The trial court did not consider that question, and there is no record in this court on which we could make such a determination as a matter of law. In order to fulfill the requirements of § 52-240a and be entitled to an award of attorneys' fees, the plaintiff, as the prevailing party, must prove that the defendant's claim or defense was frivolous. The defendant claims that because the trial court did not conduct a hearing and consider evidence regarding its alleged conduct during the pending litigation, it is not possible for the court to determine the nature of its defense. We agree with the defendant.

The plaintiff's argument for an award of attorneys' fees relies upon the allegations set forth in his complaint, his motion for attorneys' fees and the accompanying memorandum. The defendant's answer to the plaintiff's complaint denies each of these allegations. There are, therefore, no facts before the court regarding the nature of the defendant's defenses to the plaintiff's claims. In order to determine these facts, there must be an evidentiary hearing. The plaintiff conceded at

discretion or reached an unreasonable result; *Housing Authority* v. *Lamothe*, 225 Conn. 757, 767, 627 A.2d 367 (1993); in the present case, that scope of review is not applicable. The question before the trial court, namely, whether the plaintiff was a prevailing party under § 52-240a, was purely a legal one, and, therefore, our review is not limited to the abuse of discretion standard.

The dissent next asserts that when the plaintiff accepted the defendant's offer of judgment, he essentially contracted away his right to make a subsequent claim for attorneys' fees. The dissent fails to consider, however, that: (1) the defendant never made such a claim in the trial court; and (2) the defendant has never claimed, in either this court or the trial court, that the plaintiff's claim for attorneys' fees was barred by any principle of surprise or finality.

oral argument before this court that such a hearing is necessary and that he would have agreed to the request for such a hearing.

It is critical to keep in mind that the issue before the trial court in such an evidentiary hearing is not that of liability. The issue of the defendant's liability was resolved by virtue of the accepted offer of judgment and the subsequent filing of the trial court's notice of judgment. We already have considered that such judgment constituted a determination that the plaintiff was, indeed, the prevailing party. The issue at this evidentiary hearing in question is whether the plaintiff also is entitled to attorneys' fees as set forth in § 52-240a, which requires that to be so entitled, the plaintiff must prove only that the defendant's defense to that liability was frivolous. We conclude that an evidentiary hearing is necessary in order to assess the nature of the defendant's defense and to determine whether the plaintiff is entitled to an award of attorneys' fees.

The judgment is reversed with respect to the trial court's determination that the plaintiff was not the prevailing party for purposes of § 52-240a, and the case is remanded to that court for further proceedings according to law.

In this opinion BORDEN and VERTEFEUILLE, Js., concurred.

ZARELLA, J., with whom SULLIVAN, C. J., joins, dissenting. I disagree with the majority's conclusion that, even though the plaintiff, Steven Wallerstein, accepted an offer of judgment of $15,000, and the trial court rendered judgment for that amount plus costs, the plaintiff is entitled to open that judgment to obtain attorneys' fees under General Statutes § 52-240a.

The plaintiff filed a complaint in this action on March 14, 1996. In his claim for relief, the plaintiff stated: "The

plaintiff claims monetary damages, including common law punitive damages and statutory punitive damages pursuant to . . . General Statutes § 52-240b, *and* [*attorneys'*] *fees* pursuant to . . . § 52-240a . . . in excess of [$15,000.00]." (Emphasis added.) Thereafter, on September 12, 1997, the plaintiff, in an attempt to settle with the defendant, Stew Leonard's Dairy, made an offer of judgment, which provided in relevant part: "Pursuant to Practice Book §§ [346 through 348] and General Statutes § 52-192a, the plaintiff . . . offers to stipulate to a judgment settling his claims in this action against the defendant . . . for the sum of $30,000.00." The defendant did not accept the plaintiff's offer and, on January 12, 2000, made a counteroffer, pursuant to General Statutes § 52-193, to "stipulate for judgment in the amount of [$15,000] . . . ." On January 21, 2000, the plaintiff accepted the defendant's offer of judgment of $15,000 and submitted his bill of costs. On February 4, 2000, the trial court rendered judgment in accordance with the plaintiff's acceptance of the defendant's offer of $15,000. On March 2, 2000, the plaintiff filed a motion seeking to open the trial court's judgment pursuant to Practice Book § 17-4 (a)[1] to "include an award of . . . attorneys' fees . . . ." The trial court denied the plaintiff's motion on April 3, 2000, and the plaintiff appealed from the trial court's denial of that motion.

The crucial issue raised in this appeal is not, as the majority states, whether the plaintiff was the prevailing party for purposes of § 52-240a but, rather, whether the court abused its discretion in denying the plaintiff's

---

[1] Practice Book § 17-4, which is entitled "Setting Aside or Opening Judgments," provides in relevant part: "(a) Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court. . . ."

motion.[2] I conclude that the court did not abuse its discretion.

It is well settled that, because the decision to open a stipulated judgment falls within the trial court's discretion, this court's review is limited to a determination of whether the trial court abused its discretion or reached an unreasonable result. E.g., *Housing Authority* v. *Lamothe*, 225 Conn. 757, 767, 627 A.2d 367 (1993) ("a decision to open or not to open a judgment falls within the trial court's discretion and will be overturned on appeal only if such discretion was abused or if an unreasonable result was reached"); *Gillis* v. *Gillis*, 214 Conn. 336, 337, 572 A.2d 323 (1990) (trial court's denial of motion to open or set aside stipulated judgment is reviewed for "clear abuse of its wide discretion in determining such matters"). "In determining whether the trial court abused its discretion, this court must

[2] The issue on appeal cannot be whether the plaintiff was the "prevailing party," as that term is used in § 52-240a, because the trial court did not deny the plaintiff's motion on that ground. Specifically, the court concluded: "[I]f the plaintiff wanted attorneys' fees, then [he] should not have accepted the offer. The court finds the acceptance to conform with the offer. Fifteen thousand dollars is fifteen thousand dollars, not fifteen thousand dollars plus attorneys' fees." Had the plaintiff filed a motion for articulation pursuant to Practice Book § 66-5 as to the issue of whether he was the prevailing party, perhaps this court would have had an adequate record to decide that issue. In the absence of such a record, however, we should not presume the basis of the court's decision.

What is clear from the trial court's decision and the record before this court is that the trial court determined that the plaintiff accepted an offer of judgment in the amount of $15,000, not an offer of $15,000 plus attorneys' fees. I conclude, therefore, that the only remaining issue properly before this court is, as the plaintiff's attorney articulated at oral argument, "how the plaintiff's acceptance of an offer of judgment affects the plaintiff's right to seek . . . attorneys' fees under [an] attorney's fees statute, such as [§] 52-240a, [and] in actuality, under all of Connecticut's fee shifting attorney's fees statutes." For the reasons articulated in this dissenting opinion, I would conclude that the unqualified acceptance of an offer of judgment that results in a stipulated judgment, as in the present case, precludes the accepting party from seeking statutorily based attorney's fees after the court renders judgment.

make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis,* supra, 340–41.

The majority asserts that, "unless a party fashions its offer of judgment explicitly to preclude an award of attorneys' fees, the court may not read such a preclusion into the offer." The majority evidently believes that the trial court reasonably could not have concluded as it did. I maintain that, under the circumstances of this case, the trial court could do no more than render judgment with costs as the parties had agreed because the terms of the settlement were incorporated in a stipulated judgment.

A stipulated judgment constitutes a "contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction." *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). A stipulated judgment allows the parties to avoid litigation by entering into an agreement that will settle their differences once the court renders judgment on the basis of the agreement. *Gillis* v. *Gillis,* supra, 214 Conn. 339–40. A stipulated judgment, although obtained through mutual consent of the parties, is binding to the same degree as a judgment obtained through litigation. See, e.g., id., 340. "It necessarily follows that if the judgment conforms to the stipulation it cannot be altered or set aside without the consent of all the parties, *unless it is shown that the stipulation was obtained by fraud, accident or mistake.*" (Emphasis added.) *Bryan* v. *Reynolds,* supra, 460–61; accord *Gillis* v. *Gillis,* supra, 340; see also *Housing Authority* v. *Lamothe,* supra, 225 Conn. 767 ("[a] stipulated judgment, although obtained by the consent of the parties is binding to the same degree as a judgment obtained

through litigation, and . . . it can be set aside only if obtained by fraud, accident or mistake" [internal quotation marks omitted]).

In the present case, the defendant objected to the plaintiff's motion. The plaintiff never suggested to the trial court that the stipulated judgment, to which he had agreed with the defendant and which was rendered by the court, was obtained by fraud, accident or mistake. Accordingly, the trial court did not abuse its discretion in denying the plaintiff's motion.

I also disagree with the majority's conclusion that, because the defendant did not explicitly state that its offer of judgment included attorneys' fees, that issue remained unresolved. When the plaintiff accepted the defendant's offer of judgment, the acceptance was an agreement to enter into a stipulation for judgment. See generally *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 301, 305, 472 A.2d 316 (1984); see also 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 159, pp. 642–43 ("[t]he rules say judgment shall be rendered 'as upon default' but the situation is more similar to a judgment by stipulation, the agreement being reached by formal offer and acceptance through the court rather than informally"). "A stipulated judgment is not a judicial determination of any litigated right. . . . It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. . . . [It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy. . . . The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement."

(Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis,* supra, 214 Conn. 339–40.

Thus, when the plaintiff accepted the defendant's offer, the parties simply entered into a contract to resolve their differences for $15,000. By virtue of the existence of a stipulated judgment, "it is usually presumed that the parties intended to settle all aspects of the controversy, *including all issues raised by the papers comprising the record.*" (Emphasis added.) *Gagne* v. *Norton,* 189 Conn. 29, 34, 453 A.2d 1162 (1983); accord *Connecticut Water Co.* v. *Beausoleil,* 204 Conn. 38, 49, 526 A.2d 1329 (1987). In his complaint, the plaintiff sought attorneys' fees as well as compensatory and punitive damages. The defendant made an offer of judgment that is presumed to have been intended to settle all of the plaintiff's demands; see, e.g., *Connecticut Water Co.* v. *Beausoleil,* supra, 49; which the plaintiff unconditionally accepted.[3]

Furthermore, the language of General Statutes §§ 52-193 and 52-194 is consistent with the notion that the acceptance of an offer of judgment is presumed to have been intended to settle all aspects of the controversy. General Statutes § 52-193, which covers the procedure for an offer of judgment by a defendant, provides that the defendant is "offering to allow the plaintiff to take judgment *for the sum named in* [*a written*] *notice.*" (Emphasis added.) General Statutes § 52-194, which explains the procedure for the plaintiff's acceptance of the defendant's offer of judgment, instructs the court, upon the plaintiff's acceptance of the defendant's offer,

---

[3] I would note that there were several days between the date on which the defendant made its offer and the date on which the plaintiff accepted and submitted his bill of costs, and several more days after the plaintiff's acceptance until the court rendered judgment. If the plaintiff believed that he was entitled to attorneys' fees, then one would expect that he would have raised this issue before the trial court rendered judgment as he had ample time within which to do so.

to *"render judgment* against the defendant as upon default *for the sum so named* and for the costs accrued at the time of the defendant's giving the plaintiff notice of the offer." (Emphasis added.)

Accordingly, I respectfully dissent.